## JOEL JENNINGS, in Error, *versus* THE COMMONWEALTH.

The keeping a house of ill fame for lucre, is an offence at common law ; and the common law in relation to it is not repealed by *St.* 1793, *c.* 59, § 8, which provides, that " for the prevention of poverty as well as lewdness, any person suspected of such offence may be apprehended by warrant from a justice of the peace upon the complaint of the overseers of the poor, and upon conviction before such justice, &c., may be ordered to the house of correction for a month, and shall not afterwards be allowed to keep boarders without the license of the overseers. [See Re vised Stat. *c.* 130, § 8.]

Where upon an indictment, a general verdict of guilty is returned, and one count in the indictment is good and sufficient to warrant the judgment given, it is not a cause for reversing the judgment on error, that there is another count, which is defective.

THIS was an indictment containing two counts, the first of which set forth, that Jennings, on January 1, 1830, and on divers days and times between that day and the finding of the indictment, kept a house of ill fame, at Warwick, for the sake of lucre, whereby divers unlawful assemblies, riots, violations of the peace of the Commonwealth, and lewd offences, in the same house, at such times, as well in the night as in the day, were committed, to the great damage and common nuisance of all the citizens of the Commonwealth, against good morais, and against the peace and dignity of tne Commonwealth. The second count was similar, except that the allegation, that he kept the house for lucre, was omitted.

At the trial in the Court of Common Pleas, Jennings was found guilty, and was sentenced to imprisonment for eight months.

Subsequently a writ of error was brought by Jennings, in this Court, and the following errors among others were assigned :

1. That the indictment and the matters therein, were bad and insufficient in law to support the judgment.

2. That although the offence therein described, was not now an offence at common law, but by statute only, yet the indictment did not conclude *contra formam statuti*, nor in any way allege or take notice of the statute.

3. That the punishment of Jennings was other and greater

than that prescribed by *St.* 1793, *c.* 59, § 8, and was contrary to law.

4. That the second count in the indictment did not allege any offence at common law, and yet did not take notice of any statute.

*Wells* and *Alvord*, for the plaintiff in error. The common law in regard to this offence, has, by necessary implication, been repealed by the *St.* 1793, *c.* 59, § 8, and therefore this indictment, which is at common law, cannot be sustained. *Bartlett* v. *King*, 12 Mass. R. 545 ; *Nichols* v. *Squire*, 5 Pick. 168 ; *Commonwealth* v. *Cooley*, 10 Pick. 39. By the statute the mode of proceeding in such cases, is modified so that a person charged with this offence, instead of being liable to an indictment only, may be prosecuted upon the complaint of the overseers of the poor, and be tried before a justice of the peace. But what is more important, is the change made in regard to the punishment. By the common law this offence was punishable not only with fine and imprisonment, but also with such infamous punishment, as the court should deem proper ; 5 Bac. Abr. *Nuisance, D* ; but by the statute it is punishable by confinement in the house of correction for one month, and disqualification to keep boarders without a license from the overseers ; so that two persons guilty of the same offence may, in case the common law is held to continue in force, be subjected to different and disproportionate punishments, according to the caprice of the prosecuting officer.

*Austin* (Attorney General) and *Dewey* (District Attorney), for the Commonwealth, to the point, that the facts set forth in this indictment, constituted an offence at common law, cited 2 Hawk. P. C. *c.* 74 ; and to the point, that where one of the counts is defective, the judgment will be deemed to have been rendered on the good count, *Grant* v. *Astle*, 1 Doug. 730 ; *People* v. *Curling*, 1 Johns. R. 320 ; *Kane* v. *People*, 3 Wendell, 363.

SHAW C J. delivered the opinion of the Court. In the first place, there is no doubt the offence charged in this indictment is an offence at common law.

It is then contended, that the common law upon this subject is repealed. It is admitted that there has been no repeal in terms, but it is insisted, that it has been repealed by impli-

*Sept. 24th.*

*Sept. 26th*

cation, by a statute provision on the same subject, which necessarily repeals it by implication. *St.* 1793, *c.* 59, § 8. It is remarkable, that this question has not arisen before, it having been the practice, it is believed, ever since the passing of the statute, to indict for this offence at common law, and a form is given in Davis's Precedents, from which it is said the form in this case was taken. But perhaps the point has never before been suggested.

In *Commonwealth* v. *Cooley*, 10 Pick. 37, it was held, that where a statute has revised the whole subject, made that a qualified offence which was one absolutely before, and limited the time for prosecution and the degree of punishment, and where the same purpose is to be accomplished, that of restraining the offence by *punishment*, the statute must be deemed a constructive repeal of the common law, because such must be presumed to have been the intent of the legislature But unless such intent is manifest, the repeal by implication cannot be inferred. And in applying that rule to the present case, upon a consideration of the statute, we think it furnishes no reasonable presumption, that it was intended to repeal the common law. The object and purpose of the statute seems to be different, in some respects, from that of the common law, and made *alio intuitu*. The provision is not only found in a statute made for the general purpose of relieving the poor and preventing pauperism, but the enactment in question is introduced by a preamble, setting forth the purpose, to *prevent* poverty as well as lewdness, and then goes on to provide a summary mode of breaking up houses of prostitution. The keeper is to be *ordered* for a short period to the house of correction, and for ever disabled from keeping lodgers or boarders, without a special license. If the purpose is punishment, it is not the sole, and perhaps it may be reasonably inferred, not the leading purpose.

When a statute is made giving a new remedy, &c., either remedy may be pursued. At common law, keeping swine in the city of London was a nuisance, and of course indictable. By the statute, the hogs were liable to be seized, &c. ; but it was held, that notwithstanding this statute, the offence was still indictable at common law. It was cumulative and not a substitute. *Regina* v. *Wigg*, 2 Salk. 460.

This case is distinguishable from *Commonwealth* v. *Cooley*, in several particulars. That indictment simply alleged the taking up dead bodies. But that had ceased, by force of the provisions of the statute, to be an offence of itself, and after the statute, taking up dead bodies under certain circumstances, as for instance by license, was made lawful. The common law therefore by which it was before unlawful, was in fact repealed. Besides, the sole purpose of both was punishment of the offenders.

2. As to the second objection, without a particular examination of the precedents or authorities to see whether the allegation, that the house was kept for lucre, is material, the Court are of opinion, that if one count in the indictment is good, which is sufficient to warrant the judgment given, and there is a general verdict of *guilty*, it is no cause of error that there is another defective count. The judgment and sentence will be considered as having been given according to the offence well charged and proved. *Regina* v. *Ingram*, 1 Salk. 384 ; *Grant* v. *Astle*, 2 Doug. 730 ; *People* v. *Curling*, 1 Johns. R. 320 ; *Kane* v. *People*, 3 Wend. 365. In this case, one count in the indictment is clearly good and sufficient in law to warrrant the judgment ; and whether the other is bad or not, it is no cause for reversing the judgment on error.

*Judgment approved.*