PHILIP G. BENSON *vs.* THE STATE OF MINNESOTA.

An indictment for uttering and passing counterfeit bank notes, (*under Stat. of Minn., p.* 717, *Sec.* 6, *Chap.* 91) did not charge that the bill or note was issued, or purported to be issued by a bank duly authorized to issue such bills, or that the bills had been passed or uttered as true or genuine. *Held* to be insufficient. Every material fact constituting the offence as defined by the statute, should be averred and proved.

Points and authorities of Appellant:

*First.*—The bills or notes are not set forth in the indictment. Where written instruments enter into the gist of the offence as in forgery, passing counterfeit money, selling lottery tickets, sending threatening letters, libel, etc., they should be set out in words and figures. In such cases, however, it is not necessary to insert the vignettes, devices, letters or figures in the margin, as they make no part of the instrument, etc. *Wh. Am. Cr. Law*, 122, *and cases there cited; Barb. Cr. L.* 333.

*Second.*—The bills or notes are not set forth as prescribed by Statute, and the facts stated do not constitute a public offence. *Chap. Stat.* 716 *Secs.* 4 *and* 6; *See also "Demurerr," Chap. Stat. p.* 765; *also Form* 20, *p.* 755; *Barb. Cr. L.* 680. That is, the bills or notes are not set forth as being the counterfeit of any bank bills or other evidence of debt issued by any corporation or company duly authorized for that purpose by the laws of the United States, or of any State, Territory, government or country.

*"Offences created by Statute."* It is a well settled rule that in any indictment for any offence created by Statute it is sufficient to describe the offence in the words of the Statute.

Where the words of the Statute are descriptive of the offence, the indictment should follow the language, and *expressly charge* the *described* offence on the Defendant, or it will be defective. It is material also that the Defendant should be brought within all the material words of the Statute, and nothing can be taken by intendment. *Wh. Am. Cr. L.* 133, *State vs. Gibbens;* 1 *South* 51; 1 *Hale* 517, 526, 535; 2 *Hale*

170; 1 *Chitty on Pl.* 357; 2 *Hall* 193 ; *People vs. Allen,* 5 *Denio* 76.

The indictment must with certainty and precision charge him (the Defendant) with having committed or omitted the acts constituting the offence *under the circumstances* and with the intent mentioned in the Statute. *Barb. Cr. Law,* 2d *Ed.,* 333 ; *title "Statutes"* 2d *paragraph; also* 1 *Hale* 516, 526, 535; *Wh. Cr. Law* 117. Where a Statute adopts a common law offence all the common law requirements should be followed in the indictment. *Wh. Am. Cr. L.* 135. *Defects in the description of a Statutory offence are not aided by verdict. Wh. Cr. L. Lee* 135; *vs. Clark,* 2 *East.* 333; 2 *Hall* 170; *Rex vs. Jones,* 8 *T. R.* 536; *Barb. Cr. L.* 332 ; 2 *East. R.* 333; 2 *Hall* 170. *Neither will essential defects in the indictment be aided by verdict. Barb. Cr. L.* 372; 1 *Chitty's Cr. L.* 661.

Points and authorities of Respondent.

*First.*—The description of the bills in the indictment is sufficient. The technical rule of the common law, that when the written instrument enters into the gist of the offence, it should be set forth *"in hæc verba,"* has been abrogated in England, and has no existence under our own statute. *Roscoe Cr. Ev.* 511; *Comp. Stat.* 458. But even at common law the allegation " purporting to be," would have been sufficien.t *Whar. Cr. Law* 342; *Brown vs. Com.* 8 *Mass.* 59.

*Second.*—The indictment states facts constituting a public offence. The offence charged was an offence at common law, and it is not necessary to follow the words of the statute. *Whar. Cr. Law,* 1420 ; *Com. vs. Ayer,* 3 *Cush.* 150. The incorporation of the Bank whose bills are alleged to have been counterfeited, need not be averred. *Whar. Cr. Law,* 1488 *et seq.* 1316; *Com. vs. Cary,* 2 *Pick.* 47.

*By the Court*—EMMETT, C. J. We think this indictment fails to state facts sufficient to constitute the offence charged. The charge is that of uttering or passing to and upon one Peter Morrison, in payment of an indebtedness, two several counterfeit bank notes or bills, of the denomination of three dollars each, purporting to be issued by the New Haven

County Bank, of the State of Connecticut, knowing them to be false and counterfeit, and with intent to injure and defraud the said Morrison. The statute defining this crime and upon which this indictment was founded is in these words:

" Every person who shall utter or pass, or tender in payment as true, any false, altered, forged, or counterfeit note, certificate, or bill of credit for any debt of this Territory, [State] or bank bill, promissory note, draft, or other evidence of debt, issued or purporting to have been issued, as is mentioned in the fourth section of this chapter, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud, shall be punished by imprisonment in the Territorial [State] prison, not more than five years, nor less than one year." *Comp. Stat.* 717, *Sec.* 6, *Chap.* 91; *R. S. Chap.* 102.

Section four referred to in the one just recited is as follows:

" Every person who shall make, alter, forge or counterfeit any bank bill, promissory note, draft or other evidence of debt, issued by any corporation or company, duly authorized for that purpose, by the laws of the United States, of any State of the United States, or of this Territory, or of any Territory of the United States, or of any other State, Government, or country, with intent to injure or defraud, shall be punished," etc., etc.

There are no offences punishable by our laws, that are not made offences by statute. We must look therefore to the Statute for our guide, and where an offence is there defined, we must be governed by the definition, and cannot go beyond, except to determine the meaning of such common law terms as may be made use of. If the statute simply provided for the punishment of murder, rape or burglary, without defining them, we would then have to resort to the common law to ascertain what constituted these offences. But if it specifies the several acts and circumstances which shall constitute these offences, we are governed by the statutory definition alone, however much it may differ from the offence at common law. So too, when the statute declares what acts and circumstances shall constitute the crime of forgery, and what the offence of passing or uttering forged or counterfeit instruments, we must look to the statute alone in order to determine what instru-

4

ment it is an offence to forge, or to pass, or utter as true, with an intent to defraud.

If then we examine the two sections above recited, it will be found that it is an essential requisite to the crime of passing or uttering a false, altered, forged, or counterfeit bank bill or note, that the bill or note shall have been issued, or purport to have been issued by a bank duly authorized by law to issue such bills or notes, and also that such bill or note shall have been passed or uttered as true or genuine.

This indictment, however, is defective in both these particulars. It neither alleges that the New Haven County Bank of the State of Connecticut, was authorized by law to issue bank bills, nor does it, except by mere implication, allege that the Defendant uttered or passed these bills as true or genuine.

Every material fact constituting the offence, as defined by the statute, should be averred and proved, and that the Legislature deemed the fact of the bills being issued or purporting to be issued by an authorized bank an essential ingredient of the crime of uttering as true, forged or counterfeit bank bills, with intent to defraud, and of the crime of altering, forging or counterfeiting the bills of authorized banks, is evident, I think, from the forms of indictments, which are given by the Statutes. In the form for an indictment for forging the certificate of the acknowledgment of a deed (No. 20) there is the allegation that the officer whose certificate is forged is "an officer duly authorized to make such certificate of acknowledgment," &c. So, too, in forms Nos. 22 and 23, for counterfeiting and having counterfeit money in possession, there is the allegation, in the exact language of the statute defining the offence, that the coin counterfeited or passed " was at the time current, by custom [law] or usage within this Territory."

There were several other errors assigned, upon this record, in regard to the proceedings upon the trial, but as the indictment itself is fatally defective, and the objections urged are not such as are likely to occur again in this case, should the accused be tried on a new indictment, we have not deemed it necessary to consider and determine them.

The conviction in this case is set aside—the judgment thereon reversed, and the case remanded to the District Court,

with directions to set aside the indictment, and make such order, as to the discharge of the prisoner, or resubmitting the case to another grand jury, as to the Court may seem proper.