SOPHIA A. CHADBOURN *vs.* LUCINDA CHADBOURN.

The Gen. Sts. *c.* 101, § 10, do not affect the right, which exists at common law, of an administrator to submit to arbitration disputed matters relating to his intestate's estate.

The omission of an administrator, in signing a submission of disputed matters relating to his intestate's estate to arbitration, to add the word "administrator" to his signature, will not support a writ of error to set aside the award, if the terms of the submission show that he was acting in that capacity.

WRIT OF ERROR to reverse a judgment rendered in the superior court in favor of the defendant in error upon an award. The submission upon which the award was made purported to be between the plaintiff, as administratrix upon the estate of John Chadbourn, deceased, and the defendant, in her own right and as administratrix of the estate of Seth Chadbourn, deceased; and was signed by the latter simply with her own name. The errors assigned were, that the submission was not authorized by any probate court, and that " said Lucinda signed said submission in her own proper name, without further addition." The case was reserved by *Metcalf,* J. for the consideration of the whole court.

*I. Story,* for the plaintiff.

*G. Morrill,* for the defendant.

BIGELOW, C. J. Neither of the errors assigned is well supported, or affords any ground for reversing the judgment complained of.

1. By the well settled rule of the common law, administrators have full authority to submit any disputed matter relating to the estate of a deceased person in their hands to arbitration. *Coffin* v. *Cottle,* 4 Pick. 454. *Bean* v. *Farnam,* 6 Pick. 269. This authority is not repealed or in any way impaired by the provision in Gen. Sts. *c.* 101, § 10, which empowers courts of probate to authorize executors and administrators to adjust by arbitration " any demands in favor of or against the estates by them represented." Repeals are not to be favored by implication, and courts of law are scrupulously careful not to sanction such repeals, unless the intention of the legislature to abrogate the

previously existing law is clearly manifest. Whenever it is apparent that a different purpose may be attained without essentially impairing the effect of the operative words of a statute that construction is to be adopted which will leave the common law or an earlier enactment in force. In reference to the statute above cited, we can see no good reason for supposing that any alteration in the rule of the common law was intended. By conferring on courts of probate jurisdiction to authorize executors or administrators to submit demands in favor of or against estates in their hands to arbitration, or to compromise them, the legislature intended only to give security and protection to these officers in the exercise of that authority with which they are clothed by the common law, and to relieve them from liability to have their acts in agreeing to a submission called in question, or the finding of arbitrators revised or set aside to their injury by those who were interested in the effects of the testator or intestate. Such a liability exists at common law. But the adjudication of a competent tribunal would bind all parties interested, and thus relieve executors and administrators from the necessity of incurring the risk of acting solely on their own responsibility. This interpretation gives full effect to the language of the statute, and leaves no room for the suggestion that it was intended as a repeal of the rule of the common law.

2. The other ground assigned for error is wholly untenable. The capacity in which the defendant in error signed the submission is fully set out in the body of the instrument. By affixing her signature to it, she adopted the description and statement therein contained. A repetition of the word " administratrix," appended to her signature, would have been mere surplusage. *Judgment affirmed.*