STATE OF MINNESOTA,

*v.*

FRANK PULLE, *et al.*

Indictment for conspiracy. *Held:* 1st, That conspiracy, though not declared a crime by our statute law, is punishable in this State.

2. Our statutes as to crimes were intended as a *modification*, and not as an entire repeal or abrogation of the common law.

3. The gist of this offence (conspiracy) is the unlawful confederation, and it is not necessary to prove an overt act in pursuance of it.

The defendant, Frank Pulle, with others, was indicted at the May term, 1866, of the district court for Ramsey county, for the crime of conspiracy. The indictment gives the title of the cause, and after stating that the defendants (giving their names) are accused by the grand jury of &c., by this indictment of the crime of conspiracy committed as follows, proceeds: "the said  \*  \*  \*  \*  \*  \*  and Frank Pulle, being evil disposed persons, and wickedly, unlawfully and maliciously desiring and intending to injure and disgrace one James H. Murray, of said county of Ramsey, on the 21st day April, A. D. 1866, at &c.,  \*  \*  with force and arms did, then and there, wickedly, unlawfully, maliciously and feloniously conspire, combine, confederate and agree together to thereafter, namely, in the night time of the said 21st day of April, A. D. 1866, assemble, meet and come together at the dwelling house of the said Jas. H. Murray, situate in the city of Saint Paul, in the said county of Ramsey, and then and there at said dwelling house, with force and arms, wickedly, unlaw-

fully, maliciously and feloniously to assault said James H. Murray, and then and there, by force and against the will of the said James H. Murray, to daub and put upon the naked body of the said James H. Murray, a great quantity of tar and feathers  *  *  *  *  to the great damage, injury and disgrace of the said James H. Murray, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Minnesota."

To this indictment the defendant Pulle, interposed the following demurrer :

"Comes the defendant, Frank Pulle, and says, that the facts set forth in this indictment do not constitute a public offense, and therefore demurs to the same, and assigns the following causes :

"1st, That there is no statute of this State creating or defining the crime of conspiracy, nor is any punishment affixed by law to any such offense, and therefore this court has no jurisdiction thereof.

2d, There are no common law offenses in force in this State, and therefore the grand jury had no power or authority to find this indictment.

3d, It is not alleged that the defendant and the other persons in said indictment named, ever did any act in pursuance of such purpose, as is charged that they conspired and assembled together to do, or made any attempt to put their purpose into execution, or that they ever met at any place, or at the house of said James H. Murray, it being only alleged that they agreed to do so.

"4th, Because the indictment concludes against the statute in such case made and provided.

"5th, Because it is no offense under our constitution for the people to assemble and meet together, unless for an unlawful purpose thereafter executed, or attempted to be

executed, or to do, or attempt to do, a lawful act in an unlawful manner, or by unlawful means, none of which are charged in this indictment."

The demurrer was overruled by the court. The defendant Pulle, duly excepted to such ruling; his exceptions were signed and allowed by the District Judge, and the defendant removes the cause to this court under the statute.

GORMAN & DAVIS, for Appellant.

This is an indictment at common law for a conspiracy.

I.—There are no common law crimes in force in this State. As our legislature has not adopted the criminal part of the common law, but has provided a substitute, it has therefore abrogated, modified and changed it. *See Comp. Stat. Minn.*, *p.* 700; 5 *Minn. Rep.*, *p.* 19, 21; *U. S. vs. Hudson & Goodwin*, 7 *Cranch.*, 32 : *Walker's Int. to Am. Law*, *p.* 444, *par.* 447—8; 1 *Wheaton*, 415; 1 *Gallison*, 488; 1 *Ohio*, 132; 11 *Ib.*, 404; 6 *Ib.*, 435, 438 ; 2 *Ohio State Rep*, 387 ; 2 *Parker Cr. Rep.*, 174.

II.—There being no statute creating or defining the crime of conspiracy by that designation, therefore the grand jury had no authority to find this indictment.

III.—It is not alleged that the defendant and the other persons in said indictment named, ever did any act in pursuance of such purpose as is charged that they conspired to do, or made any attempt to put their purpose into execution, or that they ever met at any place or time, or at the house of J. H. Murray—it being only alleged that they agreed so to do. *See Am. Cr. Law*, *p.* 2291, *note and authorities cited.*

IV.—It is no crime, under our constitution and form of government, for the people to assemble together, unless for an unlawful purpose thereafter executed, or attempted to be

executed, or to do a lawful act, in an unlawful manner or by unlawful means, none of which is charged in this indictment. *See Comp. Stats., page* 723, *secs.* 1 *to* 7, which gives a name and a remedy for the acts charged in this indictment.

V.—Meeting together and agreeing to do a wrongful act is simply a threat, for which the statutes give ample remedy. *Comp. Stats., p.* 740.

VI.—A conspiracy is in the nature of an attempt to do an unlawful act. Such attempts are provided for by statute. *Comp. Stats., p.* 740 ; *see* 1 *Bishop, par.* 525.

VII.—The act must have some inherent tendency to accomplish the intended wrong, otherwise it would not approach sufficiently near the result to be worthy of the law's notice. 1 *Bishop Cr. L., par.* 527.

VIII.—The mere intention to commit a misdemeanor is not criminal. *See note* 1 *Bishop Cr. L., par.* 527.

IX.—The law will not pursue a criminal intent until the person does some act from which the public suffers. 1 *Bishop Cr. L., p.* 315.

X.—Every criminal act charged in this indictment is provided for by State laws, under different designations. *See Criminal Code.*

XI.—Common law crimes are changed by our Legislature. The words of our Statutes, on *p.* 700, " *Crime and public offenses,* and *criminal* proceedings are *modified as prescribed in these Statutes.*" ·

XII.—The word " modified " and the word prescribed must govern this case. Modified means " changed," " limited," " to give a new form," to " vary." *Webster's Dic.* Prescribe means to " direct," to " order," to " give a rule of action or conduct," " to give law." *Same.*

XIII.—The Legislature having adopted a complete criminal code, thus, to that extent, abrogating the common law

crimes, by omitting the common law crime of conspiracy by that technical name, must be presumed to have intended its exclusion. 1 *Bishop*, 149 *par.* 150 *d ;* 7 *Hill*, 575 ; 10 *Pick.*, 383.

XIV.—The *Statutes, p.* 700, declare " a crime or public offense to be an act or omission *forbidden by law ;* and to which is annexed upon conviction either of the following punishments."

S. M. FLINT and JAS. GILFILLAN, for Respondent.

The indictment in this case charges a conspiracy to do an unlawful act, which is an offense indictable at common law. *Arch. Crim. Pl.*, 634 : *Whar. Amer. Cr. L.*, 487 ; 25 *Vt. R.*, *p.* 415.

The first and second grounds of demurrer are that there are no common law offenses in this State, and that the act charged not being defined by statute is not punishable.

I.   By the ordinance of Congress of July 13, 1787, governing the Territory north west of the Ohio River, (*see art. 2 of same,*) all persons in said Territory were declared entitled to judicial proceedings according to the course of the common law ; and this right was declared unalterable unless by common consent.

II.—The organic act of Minnesota, declares that all laws in force in the Territory of Wisconsin at the date of her admission as a State, shall be valid in the Territory of Minnesota. *See Statutes p.* 38 *sec.* 12.

III.—The organic act of Minnesota is accepted and ratified by our State Constitution. *Stats., p.* 48, *sec.* 3. And all the laws then in force in the Territory are declared to be in force in the State. *Stats., p.* 62, *sec.* 2, (*in schedule.*)

IV.—The Constitution also declares that the Supreme and

District Courts of the State shall possess common law juris-diction. *Stats., p.* 36, *sec.* 9. It also declares all persons entitled to a certain remedy in the law for all injuries to person or property. *Stat., p.* 46, *sec.* 8. And the enumera-tion of rights therein, does not deny or impair those retained by, or inherent in the people. *Stat. p.* 47, *sec.* 16.

V.—Statutes which lessen criminal offenses, modify criminal proceedings or soften the rigor of the criminal law, should be strictly construed. And if the common law has at any time prevailed in this Territory, it still prevails unless expressly abrogated by statute.

And when the constitution and laws of a State are silent as to the common law, then common law prevails and punishes all crimes not abrogated by statute.

VI.—Our Legislature has in some respects changed the form of criminal proceedings. It has defined certain crimes, modified and lessened the punishment inflicted by the crim-inal law; but it has at no time enacted that common law offenses do or shall not exist. *Stat., p.* 700.

VII.—All offenses, not thus modified or defined, exist as before the passage of the statute. 1 *Bishop*, 44, 45; 1 *Kent Com.*, 463. And when the Legislature neglect to provide a remedy for an offense against person or property we look to the common law; the jurisprudence of this country. 1 *Kent* 343 *(side page;)* 1 *Swift, Dig.*, 9; 1 *Bish.* 11, 16; *Walker Am. Cr. L.*, 85. And all offenses to which no statute punishment is attached, are punishable under the common law. 1 *Kent (side)* 337, 341; 1 *Bish.*, 85.

VIII.—Have we any common law in this State, *vide Sett Minnesota Reports; see also Constitution giving Supreme and District Courts common law jurisdiction; see also ordinance of 1787, and organic act of Minnesota.*

IX.—Our Legislature have in various instances expressly

recognized common law offenses and punishments. *See Stat. p.* 734, *sec.* 5; *also p.* 779, *sec.* 1, *Charter of City of St. Paul, March* 4, 1854, giving Marshal in criminal matters the power of constables at common law. *See also present charter p.* 17, *sec.* 7, giving all police officers like power.

X.—Our statutes do not create or define rape, perjury, polygamy, and many other crimes at common law. Yet such crimes are recognized and punished by statute; such recognition and punishment is a recognition of the common law; and the legislature has adopted the common law as to such offenses, but has modified or lessened its rigor by providing a milder punishment. *See statutes.*

XI.—If murder, treason, rape, &c., had not been defined by statute, would they cease to be crimes? and is conspiracy less a crime because not thus defined?

XII.—The indictment is sufficient. The gist of the offense is the unlawful agreement. It is not necessary to charge overt acts, and if charged they need not be proved. *Whar. Am. Cr. law,* 496; *Arch. Cr. Pr.,* 797; *Chit. Cr. L.,* 3 *vol.,* 1143; 2 *Swift, Dig.,* 329; 28 *Eng. Cr. L., Rep.* 185; 2 *Mass. R.,* 329, 536; 25 *Vt. R.* 415; 1 *Bish.* 313. *The King vs. Kimenly and Moore,* 1 *Str.* 193.

XIII.—The decision in 5th Minnesota, is extra judicial, made upon a collateral point not at issue, and has not the force of law.

*By the Court*—WILSON, CH. J. The common law so far as it is applicable to our situation and government, is, as a general rule, the law of this country. Every State, with perhaps one exception, has adopted it, either tacitly or by express statutory enactment. *See* 1 *Kent's Commentaries,* 470–3, *note and cases in note.* That it is the law of this State, controlling both the rights and the remedies of parties in actions

between individuals, either on a contract or for a tort, cannot be doubted, for the courts have recognized and acted on this fact ever since the organization of our territorial government, and we find no evidence which satisfies us that either the State or territory intended to repudiate the common law as a source of jurisdiction in either criminal or civil cases. It having been adopted in civil cases, the presumption certainly is that it was adopted as an entirety, so far as it is not inconsistent with our circumstances, or statutory or constitutional law. Nor do the laws in force in Wisconsin territory at the date of the admission of the State of Wisconsin, (which, by our organic act were declared to be valid and operative in Minnesota territory,) rebut this presumption. There is nothing in these laws which shows that the territory of Wisconsin abrogated or repealed the common law as to crimes, but on the contrary, we think they show that it was recognized and adopted in that territory. That our statutes expressly abolish common law offenses, is not pretended. A statute which is clearly repugnant to the common law must be held as repealing it, for the last expression of the legislative will must prevail. Or we may admit, for the purposes of this case that when a new statute covers the whole ground occupied by a previous one, or by the common law, it repeals, by implication, the prior law, though there is no repugnancy. Beyond this the authorities do not go in sustaining a repeal of the common law by implication. On the contrary, it is well settled that where a statute does not especially repeal or cover the whole ground occupied by the common law it repeals it only *when, and so far as directly and irreconcilably opposed in terms. See 1 Bish. Cr. Law, 3d ed., sec. 195 to 200, and cases cited in notes to said sections.*

Our statutes fall far short of covering the whole field of common law crimes. It is not pretended that conspiracy is,

by them, made a crime, and we think it very clear that libel is not, and many other instances might be added. We think, therefore, that they do not by implication, abolish these crimes. But further than this, we think our statutes clearly recognize the existence of common law offenses. *Sec.* 2, *chapter* 87, *Comp. Stat.*, reads as follows:   *   *   *   * " Crimes and public offenses and criminal proceedings are modified as prescribed in these statutes." The Revised Statutes were adopted in 1851, and the language above quoted was added as an amendment in 1852. It is perhaps true that this amendment did not change the meaning of the statutes, but legislators frequently, and properly make use of language, which, strictly speaking, is unnecessary, out of abundant caution, and for the purpose of making clear what otherwise might, in the minds of some, admit of doubt. We think, in this view, the legislature must have used the language above quoted, to show that our statutes, as to crimes, were intended merely as a *modification,* and not as an entire repeal, or abrogation of the common law. This seems to us the fair and natural meaning of the language, and any other construction suggested seems forced and unauthorized. *Section* 34 *of chap.* 90 of said statutes reads:   " Every person who shall be convicted of any gross fraud or cheat, at common law, shall be punished," &c.   *Sec.* 5, *chap.* 98, *ib.*, reads : " Every person who shall become an accessory after the fact, to any felony, either by common law, or by any statute made, or which shall hereafter be made, may be indicted," &c.   Our statutes, in no place, declare that any act shall constitute the crime of libel, or that such crime shall be punished, yet they provide as to what evidence may be given, and as to the form and substance of the indictment in prosecutions for such crime.   *Comp. Stat.* 734, *sec.* 6;  *ib.* 756, *sec.* 3 ;  *ib.* 760, *sec.* 17.   These sections are an admission, or recognition by the

Legislature of the fact that common law offenses may be punished in this State. This conclusion is in accordance with the views entertained by the courts generally throughout the United States. *See authorities cited in note to Section* 36, 1 *Bishop, Cr. Law, 3d ed.*

Ohio seems to be an exception to this general rule, but we have carefully examined the statutes of that State, and do not find that they, like our statutes, recognize the existence of common law offenses. The cases cited from that State can, therefore, not be held as opposed to the decision arrived at in this case. The case of *Estes vs. Carter*, 10 *Iowa*, 400, holds, that no common law offense not recognized by the criminal statutes of that State will be treated or punished as a crime by the courts. The decision is based on two grounds; 1st, the peculiar wording of the Constitution of that State ; and, 2d, that the statutory offenses so nearly cover all the common law offenses, that it is reasonable to infer that those which were omitted were intended to be excluded. If the statutes of that State, to which we have not had access, are similar to ours, we cannot admit that the second ground on which the decision is based, is tenable, for it is certainly a well settled rule, that statutes are not to be construed as repealing the common law beyond their words, or the clear expression of their provisions. Beyond this, no admitted rule of interpretation permits us to presume an intention to repeal. See authorities above cited.

There is a remark made by the court in the case of *Benson vs. State*, 5 *Minn.*, 21, which the counsel for the defendant refers to in support of his view, but the point was not considered or decided by the court in that case. This remark deserves, and has received, the consideration due to the views of the learned judge who delivered that opinion. Whether it would be wise for the legislature to repeal the common law as

a source of jurisdiction in criminal matters, it is not for us to determine.

If common law crimes are suspended or abolished by our statutes, so are "criminal proceedings;" but the legislature, by the express and particular repeal of certain criminal practice and proceedings, (*Comp. Stat.*, p. 735, *sec.* 14; *ib.*, p. 785. *sec.* 37,) clearly indicated that they did not consider the general statute as affecting such repeal. The gist of this offense is the unlawful confederation, and it is not necessary to prove an overt act in pursuance of it. *Commonwealth vs. Judd*, 2 *Mass.*, 329. The exceptions are overruled.

BERRY, J.—I dissent. In my judgment no offenses at common law are offenses in this State, except such as are specifically recognized by our statutes.