## CIRCUIT COURT OF STAFFORD COUNTY

Owen Layton

v.

Norman Brown

May 10, 1920

By JUDGE R. H. L. CHICHESTER

[Owen Layton's dog strayed from home in January, 1919. In February, 1920, Layton found his dog in the possession of Norman Brown who refused to surrender the dog on the ground that Layton did not list and pay the tax on the dog for 1919.]

It is maintained by counsel for plaintiff and admitted by counsel for defendant that at common law the owner had a qualified or base property in his dog, and that this property interest was sufficient to maintain an action for his recovery on behalf of the owner against one in unlawful possession, but that a dog was not the subject of larceny or malicious mischief. *Davis v. Commonwealth*, 58 Va. (17 Gratt.) 617 (1867); *Macklin's Case*, 30 Va. (3 Leigh) 809 (1831), 10 Va. Law Reg. 460; *Wheatley v. Harris*, 70 Am. Dec. 258; *Dodson v. Mack*, 32 Am. Dec. 677; *Hooper v. Baltimore*, 12 Md. 464.

The only question raised by the demurrer to the declaration and the demurrer to the evidence also, is, does the act of the legislature of 1912, now embodied in the Code of 1919, Sec. 2324, repeal the common law rule: this involves a construction of the statute which declares that

All dogs in this state which have been assessed with a license tax and upon which the said license

is not delinquent shall be deemed personal property and may be the subject of larceny and malicious or unlawful trespass.

The rule as to change or repeal of the common law by statute is the same as that regarding the repeal of one statute by another statute, if, where there is no repeal in direct terms the common law and a statutory provision upon the same subject can be reconciled, so that both remain effective this should be done in construing that statute. The legislative intention to substitute a statutory provision for the common law must be clear. The intention to repeal must be either expressly declared or it must appear by implication. That is, the common law and statute must be inconsistent and irreconcilable before the courts declare the common law rule abrogated. *Millhiser Mfg. Co. v. Gallego Mills Co.*, 101 Va. 579 (1903); *Wallace v. Taliaferro*, 6 Va. (2 Call) 447 (1800); *Davis v. Commonwealth*, 58 Va. (17 Gratt.) 617 (1867); *Commonwealth v. Maclin*, 30 Va. (3 Leigh) 809 (1831); *Chadbourn v. Chadbourn*, 9 Allen (Mass.) 173. In *State v. Pulle*, 12 Minn. 164, the court very fully expressed the rule as follows:

It is well settled that where a statute does not especially repeal or cover the whole ground occupied by the common law, it repeals it only when and so far as directly and irreconcilably opposed in terms.

Authority might be multiplied, but the principle of construction applicable to present case is clear and needs no further amplification.

The statute, Sec. 2324 of the Code above referred to does not expressly abrogate the common law doctrine, and if it does so at all it must do so by implication--that it does not do this, is, I think, easily demonstrated.

At common law, as stated, there was a certain property right in dogs. It was not of the value which made a dog the subject of larceny, but it did give the owner a right to recover the dog in possession of one not his owner. The statute, under conditions, which the owner must comply with, adds to the property right in dogs, by making them

the subject of larceny and malicious and unlawful trespass, but the statute in no sense destroys the common law property right in dogs, viz., that he was property to the extent he could be recovered by the owner from one not entitled to his possession--so that now, under the common law and the statute where the owner has had his dog assessed and paid the prescribed license tax, he may not only recover possession or recover damages for injury done him but he could prosecute one who stole his dog. If he has not complied with the provisions of the statute he has the lesser or base property in his dog and while he can recover his possession, he could not prosecute one who stole him or maintain an action for injury to him.

From the foregoing it is perfectly plain that there is no inconsistency between the common law and the statute, that the statute only adds to the property right in dogs, under condition, but does not repeal it.

In the present action to recover possession of the dog it was not necessary for plaintiff to allege in his declaration that the dog sued for had been assessed and the tax paid, nor was it necessary to prove this, as it would have been necessary to have alleged it and proved it in an indictment for the larceny of the dog. The plaintiff's right to recover was measured by the common law and not by the statute, in this case.

The demurrers to the declaration and to the evidence are overruled.