STATE FARM FIRE & CASUALTY
COMPANY, et al., Appellants
(Plaintiffs Below),

v.

STRUCTO DIVISION, KING SEELEY
THERMOS COMPANY, Appellee
(Defendant Below).

No. 54S01–8906–CV–500.

Supreme Court of Indiana.

June 30, 1989.

Peter G. Tamulonis, John N. Thompson, Steven E. Springer, Thomas J. Jarzyniecki, Jr., Kightlinger & Gray, Indianapolis, for appellants.

W. Brent Threlkeld, Rocap, Witchger & Threlkeld, Indianapolis, for appellee.

ON CIVIL PETITION TO TRANSFER

DICKSON, Justice.

In this product liability action, the trial court granted the motion for judgment on the evidence filed by defendant Structo Division, King Seeley Thermos Company, at the close of evidence by plaintiff State Farm Fire and Casualty Company, on the ground that the product liability statute did not apply to bystanders on the date of the incident. The Court of Appeals for the First District affirmed. *State Farm Fire & Casualty Co. v. Structo Div.* (1988), Ind.App., 530 N.E.2d 116. In order to resolve the resulting conflict with *Masterman v. Veldman's Equip., Inc.* (1988), Ind. App., 530 N.E.2d 312, we grant transfer.

The 1978 Indiana Product Liability Act declared itself to be a codification and restatement of the common law of this state. Ind.Code § 33–1–1.5–3 (1978). *See Thiele v. Faygo Beverage, Inc.* (1986), Ind.App., 489 N.E.2d 562. Prior to this codification, Indiana courts had recognized the rights of reasonably foreseeable bystanders to recover for injuries caused by defective products. *Gilbert v. Stone City Constr. Co.* (1976), 171 Ind.App. 418, 357 N.E.2d 738; *Chrysler Corp. v. Alumbaugh* (1976), 168 Ind.App. 363, 342 N.E.2d 908, *reh'g denied,* 168 Ind.App. 363, 348 N.E.2d 654. *See Ayr–Way Stores v. Chitwood* (1973), 261 Ind. 86, 300 N.E.2d 335 (four-year-old child-bystander injured by power lawnmower purchased by father). Without expressly mentioning bystanders, the 1978 Act described "user or consumer" as follows:

> "User or consumer" shall include: a purchaser; any individual who uses or consumes a product; or any other person who, while acting for or on behalf of the injured party, was in possession and control of the product in question.

Ind.Code § 33–1–1.5–2 (1978). In 1983 the legislature amended section 2 by adding language expressly including bystanders:

> "User or consumer" means a purchaser, ..., or any bystander injured by the product who would normally be expected to be in the vicinity of the product during its reasonably expected use.

Ind.Code § 33–1–1.5–2 (amended effective Sept. 1, 1983). The present action arose from a gas-grill fire occurring on August 26, 1983.

Notwithstanding *Gilbert* and *Alumbaugh*, the Court of Appeals majority in the present case reasoned that because the phrase "user or consumer" in section 402A of the Restatement (Second) of Torts, adopted in Indiana with *Cornette v. Searjeant Metal Products, Inc.* (1970), 147 Ind. App. 46, 258 N.E.2d 652, did not include bystanders, the 1978 Indiana Product Liability Act definition of "user or consumer" therefore excluded bystanders from the protection of the Act. *Structo*, 530 N.E.2d at 119. We disagree.

■ Because of the rule that legislative enactments in derogation of common law must be strictly construed and narrowly applied, *Indiana State Highway Comm'n v. Morris* (1988), Ind., 528 N.E.2d 468; *Shake v. Board of Comm'rs, Sullivan County* (1936), 210 Ind. 61, 1 N.E.2d 132, we presume that the legislature is aware of the common law and does not intend to make any change therein beyond what it declares either in express terms or by unmistakable implication. *Grusin v. Stutz Motor Car Co. of America* (1933), 206 Ind. 296, 187 N.E. 382; *Chicago & Erie R.R. Co. v. Luddington* (1910), 175 Ind. 35, 91 N.E. 939, *reh'g denied*, 175 Ind. 41, 42, 93 N.E. 273; *Masterman*, 530 N.E.2d 312. Since the 1978 Act purports to codify existing common law, and does not reject by either express terms or unmistakable implication its application to bystanders, we conclude that the 1978 legislature did not intend to abrogate the then-existing common law right of reasonably foreseeable bystanders to maintain a product liability action.

The decision of the Court of Appeals is vacated. The trial court entry of judgment for the defendant and against the plaintiff at the close of the plaintiff's case is now reversed, and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

PIVARNIK, J., concurs in result.