THE COMMISSIONERS OF PARKS AND BOULEVARDS OF THE CITY OF DETROIT v. THE CHICAGO, DETROIT & CANADA GRAND TRUNK JUNCTION RAILROAD COMPANY ET AL.

*Eminent domain—Highway crossing railroad right of way—Compensation.*

1. Where, by reason of the condemnation of a highway crossing over a railroad company's tracks, an adjacent warehouse, and the land on which it stands, are rendered less available and less valuable for warehouse purposes, the company is entitled to be compensated for such damage.

2. Whether the erection and maintenance of gates or the employment of flagmen is at the time of condemnation necessary for the proper protection of the railroad company and the public is a question of fact for the jury; and, if such necessity is found, the company is entitled to compensation for the damage consequent upon such erection and maintenance or employment.

3. This holding in no way interferes with the police power conferred upon the Railroad Commissioner to interfere when such crossing shall have become dangerous by reason of the frequency of travel along the highway, and order the erection of a safety gate or the employment of a watchman.

Appeal from recorder's court of Detroit. (Chambers, J.) Argued March 8, 1892. Decided April 8, 1892.

Proceedings to condemn a right of way for boulevard purposes across the property of respondents. Respondents appeal. Order of confirmation reversed, and case remanded for a new trial. The facts are stated in the opinion.

*N. E. Slaymaker (Henry Russel,* of counsel), for the Detroit & Bay City Railroad Co. and the Michigan Central Railroad Co.

*E. W. Meddaugh,* for the Chicago, Detroit & Canada Grand Trunk Junction Railroad Company.

*John J. Speed,* for petitioners.

GRANT, J. Proceedings to condemn the right of way for the boulevard across the defendants' tracks. These cases are practically ruled by *Commissioners of Parks, etc., v. Railroad Co.,* 90 Mich. 385.

The rule of damages in these cases is declared by this Court to be that a railroad company may recover—

"For injury to its track, right of way, and franchise, occasioned by the crossing, and which may be properly considered as the natural, necessary, and approximate cause thereof." *In re First Street,* 66 Mich. 55, and authorities there cited.

There is not one rule for railroad companies and another for private land-owners. When a railroad company condemns land it must pay not only for the value of the land taken, but for the damage caused to the adjoining land. No railroad company can run its road along a public highway without first instituting condemnation proceedings, and paying the owners of lands abutting on the highway such damages as shall be awarded to them. *Riedinger v. Railroad Co.,* 62 Mich. 41. When the lands of railroad companies are condemned for a public use, they are entitled to the same measure of damages. If, therefore, their adjoining land is rendered less valuable by the location of a public highway or another railroad across its property, there is no reason why they should not recover compensation therefor.

Situated near this crossing is a small tract of land used for warehouse purposes. It is insisted by the respondents that, by reason of this crossing, this land, with the warehouse thereon, is rendered less available and less valuable for the purposes for which it was constructed

and used. This was a proper element of damage, and should have been submitted to the jury.

We see no reason to change the rule laid down in *Commissioners of Parks, etc., v. Railroad Co., supra*, in regard to damages for the erection and maintenance of gates or for flagmen. If the jury shall be satisfied from the evidence that either are necessary for the protection of the public, the respondents are entitled to compensation therefor. This in no wise interferes with the police power conferred upon the Railroad Commissioner to interfere when such crossings shall have become dangerous by reason of the frequency of travel along the highways. Whether the erection and maintenance of gates or the employment of flagmen is at the time of condemnation necessary for the proper protection of the company and the public is a question of fact for the jury.

The confirmation of the award of the jury must be set aside, and the case remanded for a new trial.

The other Justices concurred.