The Chicago, Burlington and Quincy Railroad Company

*v.*

The City of Chicago.

*Filed at Ottawa March 31, 1894.*

| | |
|---|---|
| 149 | 457 |
| 149 | 464 |
| 149 | 535 |
| 149 | 457 |
| 161 | 252 |
| 149 | 457 |
| 156 | 267 |
| 157 | 52 |
| 149 | 457 |
| 66a | 372 |
| 149 | 457 |
| 166 | 262 |
| 167 | 91 |
| 149 | 457 |
| 169 | 170 |
| 169 | 338 |
| 173 | 531 |
| 149 | 457 |
| 174 | 555 |
| 149 | 457 |
| 195 | 1278 |
| 197 | 9347 |
| 149 | 457 |
| 105a | 1141 |
| 149 | 457 |
| e204 | 8371 |
| 206 | 9450 |
| 149 | 457 |
| 211 | 12361 |

1. EMINENT DOMAIN—*opening street across a railway track—measure of damages.* Where a city, under paragraph 89 of section 1, of article 5, of the City and Village act, extends a street across railroad tracks or right of way, it does not condemn the land of the railroad company, nor prevent its use of the tracks and right of way. Hence the value of the land embraced within the crossing is not the measure of compensation for such interest as may be taken.

2. The measure of compensation is the amount of decrease in the value of the use, for railroad purposes, caused by the use for the purposes of a street, such use for the purposes of a street being exercised jointly with the use of the companies for railroad purposes. In other words, the company is to be compensated for the diminution in its right to use its tracks caused by the existence and use of the street. The value of the land is not a legitimate element of compensation when a highway or street is laid across a railroad.

3. So the market value of the land for sale at the termination of the existing use, and its market value for some other use to which it may be adapted, are also excluded. Hence it is not material whether the right of way is owned in fee by the railway company, or has been obtained by condemnation, so as to leave the fee in the former owner, as required by the present constitution.

4. In a proceeding by a city to condemn for a street certain land used by a railway company for its right of way, there is no error in excluding testimony offered for the purpose of showing the general salable value of the right of way included in the crossing, or with its general value for other uses than that to which it is applied. This would be true if the measure of compensation was the value of the use of the right of way, as such.

5. On a proceeding by a city to condemn a street crossing over a railroad right of way in the corporate limits, the court refused to admit testimony offered by the railway company that it would be necessary to construct gates, and plank the crossing, and employ a flagman, if the street should be opened: *Held,* that the evidence was properly refused.

6. SAME—*measure of damages—uses and market value of property condemned.* The rule that where land is condemned its value may be estimated, not only with reference to the uses to which it is actually applied, but also those to which it is adapted, is subject to the qualifi-

cation that the latter uses must be those which enter into and affect its market value.

7. It is also true that in estimating the compensation to the owner with reference to the uses for which the property is suitable, regard must be had to the existing business or wants of the community, or such as may be reasonably expected in the immediate future.

8. Where lands are restricted by law, or by the terms of a grant, to a particular use, the measure of compensation, as a consideration to the owners for the lands taken, will be their value to him for the special use to which they are restricted. So when there can be no market value of land by reason of its use as part of an extensive business or enterprise, its value must be determined by the use to which it is applied.

9. Same—*measure of damages—effect of remote possibilities.* The possibility that a railroad company may cease to exist, by forfeiture of its charter or otherwise, is too remote to be used as the basis of value in a proceeding to condemn. Nothing should be allowed for imaginary or speculative damages, and such remote or inappreciable damages as the imagination may conjure up, and which may or may not occur in all the future, are to be excluded; nor can the owner show the probable future use of the property.

10. Railroad company—*power to hold land.* A railroad company can only acquire land, whether by voluntary purchase or otherwise, for railroad purposes, as defined in its charter. It does not hold land as does the ordinary owner, with the right of using it for any purpose to which it may be adapted, or with the right to sell it at the highest price which it may bring in the market.

11. A railroad company's capacity to acquire or hold lands is not general, like that of a natural person, but is limited to the uses of the railroad business. Being a creature of law it possesses only those powers which are conferred on it by its charter, either expressly, or incidentally, to the objects of its organization. When land is bought by a railway company and is used as a right of way, its future use must be for the same and no other purpose.

12. Same—*location of right of way—exhaustion of power.* Where a railroad company has once exercised the power to determine the location of its road, that power is exhausted, and the company can not change the location, without legislative authority, after it has exercised its discretion as to the selection of the route of its road between certain fixed points.

Appeal from the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Messrs. Herrick & Allen, for the appellant.

Mr. John S. Miller, and Mr. Charles C. Gilbert, for the appellee.

Mr. Justice Magruder delivered the opinion of the Court:

This is a condemnation proceeding, instituted in pursuance of an ordinance passed by the common council of the city of Chicago for the purpose of opening and widening Rockwell Street from West 18th Street to West 19th Street across the tracks and right of way of the appellant company.

The questions, raised by the assignments of error and growing out of the admission and exclusion of testimony and the giving and refusal of instructions by the court below, are the same questions which have been passed upon in the following cases recently decided by this Court: *I. C. R. R. Co.* v. *City of Chicago,* 138 Ill. 453; *C. & N. W. Ry. Co.* v. *City of Chicago,* 140 id. 309; and *I. C. R. R. Co.* v. *City of Chicago,* 141 id. 586.

It is claimed, however, by counsel for appellant that the railroad company in this case owns the fee of the ground at the point where it is proposed to extend the street across the right of way and the tracks located thereon, and that, for this reason, the court below erred in refusing to admit certain testimony in regard to value.

Counsel introduced in evidence deeds from private owners conveying to the company certain portions of its right of way, including the portion sought to be crossed by the street, and then proposed to prove the market value of the portion thus crossed for sale or use for any lawful purpose in case the tracks should be removed. Where a city council, under the power conferred by paragraph 89 of section 1 of article 5 of the City and Village Act, extends a street across railroad tracks or right of way, it does not condemn the land of the railroad company, nor prevent its use of the tracks and right of way. Hence, the value of the land embraced within the crossing is not the measure of just compensation for such interest as may be taken. The measure of compensation is the

amount of decrease in the value of the use for railroad purposes caused by the use for the purposes of a street, such use for the purposes of a street being exercised jointly with the use of the companies for railroad purposes. In other words, the company is to be compensated for the diminution in its right to use its tracks caused by the existence and use of the street. Even the cases, relied upon by counsel as holding that the company is entitled to damages for fences, signboards, cattle-guards, etc., concede, that the value of the land is not a legitimate element of compensation when a highway or street is laid across a railroad, because the owner of the railroad is not, as the owner of land ordinarily is, excluded from the beneficial use of the property.

If the value of the land is not a legitimate element of compensation, its market value for sale at the termination of the existing use, and its market value for some other use to which it may be adapted, are also excluded. Hence, we do not regard it as material whether the right of way is owned in fee by the company, or has been obtained by condemnation so as to leave the fee in the former owner, as required by the present constitution of the State. (Cons. Sec. 13, Art. 2, 1 Starr & Cur. Stat. page 105; Elliott on Roads and Streets, pages 170 and 171; Pierce on Railroads, page 193; 6 Am. & Eng. Enc. of Law, page 554; *Boston & A. R. R. Co.* v. *Village of Green-bush,* 52 N. Y. 510).

The contention of counsel is, that the portion of the right of way, over which the city proposes to extend the street, was subject to sale and use for every lawful purpose, and that, by the opening of the street, its salable value was practically destroyed, and appellant was limited to a narrow and restricted use which might at any time be wholly valueless. The correctness of this contention does not follow from the fact, that the part of the right of way, which embraces the proposed crossing, was acquired by conveyance, rather than by condemnation.

A railroad company can only acquire land, whether by voluntary purchase or otherwise, for railroad purposes, as defined in its charter. It does not hold land, as does the ordinary owner, with the right of using it for any purpose to which it may be adapted, or with the right to sell it at the highest price which it may bring in the market. Its capacity to acquire or hold lands is not general, like that of a natural person, but is limited to the uses of the railroad business. Being a creature of law, it possesses only those powers which are conferred upon it by its charter either expressly, or as incidental to the objects of its organization. (*Albany N. R. R. Co.* v. *Brownell*, 24 N. Y. 345; *Rumsey* v. *N. Y. & N. E. R. R. Co.* 114 id. 423; *N. Y. C. & H. R. R. Co.* v. *Aldridge*, 135 id. 83).

In this case, the descriptions of the strips of land conveyed to the appellant, as set forth in the conveyances introduced in evidence, show, that the strips were purchased for railroad right of way; and they have been ever since so used. Where a railroad company has once exercised the power to determine the location of its road, that power is exhausted. It cannot change the location without legislative authority, after it has exercised its discretion as to the selection of the route of its road between certain fixed points. (*I. C. R. R. Co.* v. *The People*, 143 Ill. 434). It is manifest, that the appellant is restricted in its use of the right of way, over which this street is to be extended, to those purposes for which such right of way is now used. The future use must be the same as the present use, so long as the appellant continues to operate its railroad, unless the legislature shall permit it to change its route. Where lands are restricted, by law or by the terms of a grant, to a particular use, the measure of compensation, in a condemnation proceeding, to the owner for the lands taken will be their value to him for the special use, to which they are restricted. So, where there can be no market value of land by reason of its use as part of an extensive business

or enterprise, its value must be determined by the use to which it is applied. (*I. C. R. R. Co.* v. *City of Chicago,* 141 Ill. 509; Lewis on Em. Dom. sec. 485). Hence, we think, that there was no error in excluding testimony offered for the purpose of showing the general salable value of the right of way included in the crossing, or its general value for other uses than that to which it was applied. This would be true, if the measure of compensation was the value of the use of the right of way as such. Much more is it true, where the thing taken is merely such "portion of the railroad company's exclusive right to the occupancy, use and control of its right of way," as is diminished by its use for the purposes of a street crossing.

Counsel say, that the appellant might cease to use the portion of the right of way at the place of crossing for the purposes for which it is now used, and that, in such case, it would be prevented from selling the fee by reason of the easement acquired by the public for a street. The use of its right of way as such by a railroad company may, in a certain sense, be as well regarded as a perpetual user, as the use by a city of the easement acquired for a street. (*Henry* v. *The Dubuque & P. R. R. Co.* 2 Iowa, 288; 2 Wood on Railroads, sec. 245, note 2). It is true, that the railroad company may at some future day cease to exist by forfeiture of its charter or otherwise, but so, also, the city may cease to use a street by vacation thereof, or otherwise. The possibility supposed by counsel is too remote to be used as a basis of value. In such a proceeding as this, "nothing should be allowed for imaginary or speculative damages or such remote or inappreciable damages as the imagination may conjure up, and which may or may not occur in the future." (*Jones* v. *C. & I. R. R. Co.* 68 Ill. 380; *P. & P. U. Ry. Co.* v. *P. & F. Ry. Co.* 105 id. 110). Possible or imaginary uses are to be excluded, nor can the owner show the probable future use of the property. (Pierce on Railroads, page 217; Lewis on Em. Dom. sec. 480).

The rule that, where land is condemned, its value may be estimated not only with reference to the uses to which it is actually applied, but also those to which it is adapted, is subject to the qualification, that the latter uses must be those which enter into and affect its market value. (*Haslam* v. *G. & S. W. R. R. Co.* 64 Ill. 353; *C. & E. R. R. Co.* v. *Jacobs*, 110 id. 414; 6 Am. & Eng. Enc. of Law, page 569). It is also true, that, in estimating the compensation to the owner with reference to the uses for which the property is suitable, regard must be had to the existing business or wants of the community, or such as may be reasonably expected in the immediate future. (*Miss. & Rum River Boom Co.* v. *Patterson* 98 U. S. 403; 2 Wood on R. R. sec. 259). It is quite clear, that none of these considerations could have any application here. The company was using its right of way for the most valuable purpose to which it was adapted, that is to say, for the operation of its road by the passage of trains and cars over its tracks. (*King* v. *Minn. W. R. Co.* 32 Minn. 224). It was entitled to be compensated for the extent to which this use would be lessened in value by the extension of the street over its tracks, or for the value of so much of this use as would be taken by the city for the street. No testimony was offered by the respondent upon this precise question, so far as we are able to discover. The verdict is in accordance with such evidence as was introduced upon that subject by the petitioner.

The remaining question discussed by counsel for appellant relates to the refusal of the trial court to admit testimony to show that it would be necessary to construct gates, and plank the crossing, and employ a flagman if the street should be opened. We do not think, that there was any error in this refusal for the reasons stated in *C. & N. W. Ry. Co.* v. *City of Chicago*, 140 Ill. 309.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*