CHICAGO & GRAND TRUNK RAILWAY CO. *v.* CHAPPELL.

RAILROADS—DRAIN ACROSS RIGHT OF WAY—COMPENSATION—CONSTITUTIONAL LAW.

   2 Comp. Laws 1897, § 4334, providing that, whenever it is necessary to run a drain across the right of way of any railroad, the same proceedings shall be had as in cases provided for obtaining private lands, except as thereinafter provided, and that it shall be the duty of the railroad company, when notified so to do, to make and maintain the necessary opening through said roadbed, and to build and maintain a suitable culvert, is unconstitutional, in so far as it attempts to require the company to make such improvement without compensation, for the benefit of those to whom the drain is an advantage.

*Certiorari* to Eaton; Smith, J.   Submitted April 3, 1900.   Decided May 15, 1900.

*Certiorari* by the Chicago & Grand Trunk Railway Company to review an order of Charles E. Chappell, drain commissioner of Eaton county, requiring it to lower a culvert.   From a judgment sustaining the action of the commissioner, plaintiff brings *certiorari*.   Reversed.

   *L. C. Stanley* (*E. W. Meddaugh* and *Geer & Williams*, of counsel), for appellant.

   *Le Roy Jones* (*Fred A. Baker*, of counsel), for appellee.

MONTGOMERY, C. J.   In 1893 proceedings were instituted to deepen, widen, and straighten the Harris drain, so called.   The drain crosses the right of way of the plaintiff in *certiorari*, and plaintiff was ordered to lower the iron culvert now extending through its roadbed two feet, at an estimated cost of $111.   The sole question presented is whether the company can be required to do this without compensation.   The statute under which the order

was made is section 4334, 2 Comp. Laws 1897, and reads as follows:

"Whenever it is necessary to run a drain across the right of way or roadbed of any railroad, the same proceedings shall be had throughout, in all respects, as in cases provided in this act for obtaining private lands for the construction of drains, except as hereinafter provided. It shall be the duty of the railroad company, when notified by the county drain commissioner so to do, to make and maintain the necessary opening through said roadbed, and to build and maintain a suitable culvert. Notice in writing to make such opening and to construct such culvert shall be served upon such company by leaving a copy thereof with the ticket or freight agent or general officer of such railroad company at least thirty days before such railroad company shall become liable."

We agree with the counsel for the appellee that this statute shows a legislative intent to require the company to make such improvement without compensation. The question is, Has the legislature power to require this? The learned counsel for the appellee present an argument of great force in favor of such power, and cite numerous cases from other States which go far towards sustaining their contention. While some of the cases cited may be distinguishable, all of them are not; and, were we at liberty to consider this question as not concluded by our previous holdings, the authorities cited would certainly be entitled to great weight. We find, however, that legislation entirely analogous has been declared unconstitutional by this court in numerous cases. *People v. Railway Co.*, 52 Mich. 277 (17 N. W. 841); *Chicago, etc., R. Co. v. Hough*, 61 Mich. 507 (28 N. W. 532). See, also, *Commissioners of Parks & Boulevards of Detroit v. Michigan Cent. R. Co.*, 90 Mich. 385 (51 N. W. 447); *Same v. Chicago, etc., R. Co.*, 91 Mich. 291 (51 N. W. 934); *Same v. Detroit, etc., R. Co.*, 93 Mich. 58 (52 N. W. 1083); *City of Grand Rapids v. Bennett*, 106 Mich. 528 (64 N. W. 585); *City of Detroit v. Railway Co.*, 112 Mich. 304 (70 N. W. 573).

It is contended that the Supreme Court of the United

States, in *Chicago, etc., R. Co.* v. *City of Chicago*, 166 U. S. 226 (17 Sup. Ct. 581), has laid down a rule in conflict with our decisions, and that we should follow the federal court in determining this question. The opinion of that court is entitled to great weight in any case, and, if our opinions had rested on a provision of the Federal Constitution, would be controlling. It is clear from the first two opinions of Mr. Justice GRAVES and Mr. Justice CAMPBELL that their rulings were upon section 14, art. 18, of our own Constitution. We do not, therefore, feel justified in overruling a line of our own cases, which have established a rule, on the authority of the case cited, even if the case were in all respects analogous, which it is not.

Following our own authoritative decisions, we are constrained to hold that this act, in so far as it attempts to impose this burden upon the railroad company for the benefit of those to whom the drain is an advantage, is unconstitutional.

The order will be reversed.

The other Justices concurred.