POSTAL TEL. CABLE CO. OF MONTANA v. OREGON SHORT LINE R. CO.

(Circuit Court, D. Montana. March 22, 1902.)

1. EMINENT DOMAIN—POWERS OF TELEGRAPH COMPANY — CORPORATION DE FACTO.

Where the proper formal steps have been taken to organize a telegraph corporation under the laws of a state, it becomes such a corporation de facto; and its right to exercise the power of eminent domain, conferred on such companies by the statutes of the state, cannot be denied by the defendant in a suit instituted for the condemnation of

right of way on the ground that it is only a pretended, and not a real, corporation, that being a question which can only be raised by the state.[1]

**2. SAME—USE OF RAILROAD RIGHT OF WAY.**

A telegraph company which has accepted the conditions imposed by Rev. St. §§ 5263–5269 is entitled to construct its line over the right of way of a railroad which by section 3964 is declared to be a post road of the United States and to have the damages assessed in any court of competent jurisdiction, where such line may be so constructed as not to interfere with the operation of the railroad.

**3. SAME—MONTANA STATUTE.**

Under the statute of Montana (Code Civ. Proc. p. 3, tit. 7) which confers on certain corporations, among which are telegraph companies, power to exercise the right of eminent domain, subject to the limitation that the court must find that the use sought to be made of the property condemned is a public use, and, if the property has already been appropriated to a public use, that the second is a more necessary public use, it must be held that the use of land for a telegraph line is a public use, and that the appropriation for telegraph purposes of a portion of the right of way of a railroad not occupied for railroad purposes is for a more necessary public use than that of the railroad company.

**4. SAME—CONPENSATION—MEASURE OF DAMAGES.**

Where the construction of a telegraph line over the right of way of a railroad will not appreciably diminish the value of the use of such right of way for railroad purposes, the telegraph company is required to pay only nominal damages on condemnation of a right of way for its line.

Proceeding to Condemn Right of Way.

J. R. McIntosh and Orlando W. Powers, for plaintiff.

P. L. Williams and J. G. Willis, for defendant.

KNOWLES, District Judge. The plaintiff in this suit desires to have condemnation, for the purpose of a telegraph line, over and along certain portions of the right of way of the Oregon Short Line Railroad Company in Montana. Originally three suits were instituted for this purpose,—one in Beaverhead county, one in Madison county, and another in Silver Bow county. These suits were all consolidated in pursuance of a stipulation between the parties, and removed to this court upon the application of the defendant. It appears from the pleadings that the plaintiff is a corporation organized under the laws of Montana, and the defendant a corporation organized under the laws of Utah.

There is an objection made that the plaintiff is not entitled to be classed as a corporation de jure. It appears, however, that certain parties who were residents and citizens of the state of Montana, complied with the laws of said state in filing the proper certificate and in making the proper records to create a corporation under the laws of said state. Prima facie, this would create the corporation named as the plaintiff herein. There were certain meetings of the officers of the plaintiff corporation, and, among other proceedings, a resolution was offered and passed looking to the acquirement of a right of way over and along the defendant's railroad right of way in Montana, for the purpose of establishing a telegraph line. It would appear that

[1] See Eminent Domain, vol. 18, Cent. Dig. § 469; 1901B Dig. § 44 [d]; Corporations, vol. 12, Cent. Dig. § 78 [gg, uu]; 1899B Dig. § 8 [b].

under these conditions the defendant could not raise the question as to whether the plaintiff is in fact a corporation, or only a pretended or "fake" corporation. That would be the prerogative of the state of Montana, in a proper suit instituted for that purpose by and through its proper officers. In Oregon Short Line R. Co. v. Postal Tel. Cable Co. of Idaho, 49 C. C. A. 663, 111 Fed. 842, it was held by the circuit court of appeals of this circuit, while considering a similar statute of Idaho, and in passing upon an objection identical with the one raised in this case, that such a corporation was a corporation de facto, and, as such, entitled to all the rights and privileges of a corporation, including the exercise of the power of eminent domain.

Plaintiff, on the argument before this court, claimed a grant of the right of way over and along the defendant's railroad right of way under and by virtue of the provisions of sections 5263 to 5269 of the Revised Statutes of the United States. Evidence was introduced to show that plaintiff had accepted the conditions named in the aforesaid statutes. Section 5263 of the statutes supra reads as follows:

"Sec. 5263. Any telegraph company now organized, or which may hereafter be organized, under the laws of any state, shall have the right to construct, maintain, and operate lines of telegraph through and over any portion of the public domain of the United States, over and along any of the military or post roads of the United States which have been or may hereafter be declared such by law, and over, under, or across the navigable streams or waters of the United States; but such lines of telegraph shall be so constructed and maintained as not to obstruct the navigation of such streams and waters, or interfere with the ordinary travel on such military or post roads."

It will be seen, by this statute, that the right is given to any telegraph corporation organized under the laws of any state to construct and maintain its telegraph line over and along any of the military or post roads of the United States which have been, or may hereafter be, declared such by law. Such lines must not interfere with the ordinary travel on such military or post roads. By section 3964 of the Revised Statutes of the United States, all railroads such as that operated by the defendant in this state have been and are declared to be post roads. If this statute is applicable to this case, then the act of congress itself determines whether the power of eminent domain should be put in motion for the purposes named, and whether the exigencies of the occasion and the public welfare required or justified its exercise. In the case of Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206, the supreme court, speaking by Mr. Justice Field, said:

"* * * When the use is public, the necessity or expediency of appropriating any particular property is not a subject of judicial cognizance. The property may be appropriated by an act of the legislature, or the power of appropriating it may be delegated to private corporations, to be exercised by them in the execution of works in which the public is interested. * * *"

Although congress had put its right of eminent domain in motion by granting to the telegraph companies who complied with the foregoing provisions of the statute the right of way over and along post roads, and determined the necessity for using said ways for telegraph purposes, it at the same time imposed the condition that such use should not interfere with the ordinary travel thereon; but there was a further

constitutional limitation that, before such right of way could be so utilized, just compensation should be awarded therefore to the owners or proprietors thereof. There would not appear to be any doubt, from the evidence presented in this case, but that the telegraph line as proposed by the plaintiff may be constructed over and along defendant's said right of way, so as not to interfere with the ordinary travel thereon. In this grant to the telegraph companies, congress, however, made no provision for the assessment of the damages arising out of the taking. In the case of Kohl v. U. S., 91 U. S. 367, 23 L. Ed. 449, the supreme court held that an action could be maintained as a civil action at law to fix the damages arising from the taking of any property for a public use. The court there said:

"* * * It is difficult, then, to see why a proceeding to take land in virtue of the government's eminent domain, and determining the compensation to be made for it, is not, within the meaning of the statute, a suit at common law, when initiated in a court. It is an attempt to enforce a legal right. * * *"

In that case, after adverting to the fact that congress had made no provision for the assessing of-damages for property taken under the power of eminent domain, the court said:

"* * * But there is no special provision for ascertaining the just compensation to be made for land taken. That is left to the ordinary processes of the law. * * *"

The views expressed in this opinion were affirmed in the above case of Boom Co. v. Patterson.

It would seem, then, that the plaintiff company had the right to proceed either in the state court or in the federal court to ascertain the just compensation to which the defendant would be entitled for the amount of its railroad right of way taken for the plaintiff's telegraph line; and I might stop here, and proceed to determine the just compensation to which the defendant is entitled, were it not that it would seem in the suit brought here that plaintiff appeals for its right, not to the power of eminent domain vested in the national government, but to that power inherent in the state government. The state government, by a general law, has granted the power to exercise its eminent domain to certain corporations,—among them, to telegraph companies. In this general law it is left to the courts to determine whether the use to which the property is sought to be condemned is a public use, and, if it sought to condemn property that has already been appropriated to a public use, then to determine whether such further condemnation and appropriation is for a more necessary public use than the one to which it is devoted, and for which it was first condemned.

It is alleged in the complaint in this case that the right of condemnation is asked in virtue of the provisions of the statutes of Montana. Paragraph 4 of the complaint, inter alia, contains the following:

"That said plaintiff claims and asserts the power to exercise the right of eminent domain by this proceeding under and by virtue and authority of part 3, tit. 7, of the Code of Civil Procedure of Montana (page 917)."

The right of eminent domain exercised by the national government must be for national purposes. The right of the state government to exercise such power must be for state purposes. It is evident that

both governments seek to foster the building of telegraph lines,—one for national purposes, and the other for local purposes. Under section 2211 of the Code of Civil Procedure of Montana, it is provided that the power of eminent domain may be exercised in behalf of the government of the United States for any public use it authorizes. It would appear, however, from the whole scope of the proceedings in this case, that only the state power is invoked. It becomes necessary, therefore, for this court to determine whether the construction of the telegraph line, and whether the use to which the plaintiff would appropriate the railroad right of way of the defendant, is a more necessary public use than that to which the defendant has devoted and is devoting it. In considering the evidence presented in the case, the conclusion is reached that it is desirable that the plaintiff should have the right to construct its line of telegraph over and along the right of way of the defendant's railway. In determining the question as to whether this use is a more necessary public use than that to which the defendant has devoted the right of way under consideration, we may consider the opinions of others. We find, in a case where a corporation bearing the same name as the plaintiff brought a similar suit against this same defendant in the state of Idaho, having for its object the condemnation of a portion of the defendant's railroad right of way, Judge Beatty, before whom the case was tried, held that the appropriation for telegraph purposes of the portion of the defendant's right of way not occupied by its railway tracks is a more necessary public use than its use for a right of way by the railroad company. Postal Tel. Cable Co. v. Oregon Short Line R. Co. (C. C.) 104 Fed. 623. In this opinion Judge Beatty says:

"* * * It cannot for a moment be doubted that the use to which plaintiff proposes to put that portion of the defendant's right of way would be of greater public utility than that for which it is now used. * * *"

This case was taken to the circuit court of appeals for this circuit on a writ of error, and the above ruling by Judge Beatty was there considered. 49 C. C. A. 663, 111 Fed. 843. The statute in Idaho is the same as the Montana statute, and provides for the taking of property already devoted to a public use for a more necessary public use. In construing this statute, the circuit court of appeals says:

"* * * Considering the words used, and the general tenor of the law controlling the devotion of private property to public use, we think the statute was intended to provide that property already devoted to a public use might, whenever deemed necessary for the use of a corporation having the authority to exercise the right of eminent domain, be devoted to a second use which will not interfere with the first. It was not intended to require that absolute necessity should exist for the devotion of the property to the second use. * * * The defendant in error in this case has alleged that this property is necessary for its use, and that it is not necessary for the use of the plaintiff in error. The court has found that these allegations are true, and has found that the second use is more necessary than the first. As we construe the statutes of Idaho, we find no error in this conclusion. * * *"

The supreme court of Utah, in the case of Postal Tel. Cable Co. of Utah v. Oregon Short Line R. Co. (Utah) 65 Pac. 735, said:

"* * * The appropriation of the right of way of a railroad, not essential to the enjoyment of its franchise and property, to the construction of a telegraph line, is to and for a more necessary public use. * * *"

And in pursuance of this view it was held that it was proper for the telegraph company to appropriate a portion of the right of way of the Oregon Short Line Railroad Company in the state of Utah.

In considering the act of congress before quoted, it is evident that congress was of the opinion that it would be right to appropriate portions of any post road for a telegraph line, when such appropriation did not interfere with the ordinary travel thereon. Guided by these opinions, I find in this case that the portions of the railroad right of way of the Oregon Short Line Railroad Company, in Montana, sought to be appropriated by the plaintiff to the uses named, is a proper appropriation, and a more necessary public use than that to which the defendant is devoting the same. This appropriation by the telegraph company of the right of way of the defendant must be confined, however, to that portion of the same not now actually used and required for railway purposes, and along a line which will not interfere with the ordinary use thereof for railway purposes.

As to the question of damages, I find, from a careful examination and consideration of the decisions, that what may be considered as nominal damages only should be awarded defendant. St. Louis & C. R. Co. v. Postal Tel. Cable Co., 173 Ill. 508, 51 N. E. 382; Chicago, B. & Q. R. Co. v. City of Chicago, 149 Ill. 457, 37 N. E. 78; Id., 166 U. S. 226, 17 Sup. Ct. 581, 41 L. Ed. 978; Railway Co. v. Catholic Bishop, 119 Ill. 529, 10 N. E. 372; Allen v. City of Boston, 137 Mass. 319; Mobile & O. R. Co. v. Postal Tel. Cable Co. (Miss.) 26 South. 370. The evidence in this case does not establish clearly that the defendant would suffer any peculiar or special damage by the taking, and hence what is considered a nominal damage, merely, can be awarded. The damages to the defendant are hereby fixed in the sum of $1 per mile, amounting in the aggregate to $127.

It is substantially agreed that the right of way of the defendant varies in width; that at some points on the line it is 200 feet in width, at other portions 100 feet, and at other portions only 66 feet in width. I hold that, upon such portions of the aforesaid right of way where it is 200 feet wide, the poles and wires of the plaintiff should not be placed nearer than 75 feet to the outer line of the track or rail; at such portions thereof where it is 100 feet wide, the line of telegraph should not be nearer to the outer edge of the defendant's track than 40 feet; and at all such portions where it is only 66 feet in width, the telegraph poles of the plaintiff should not be nearer than 30 feet to the track.

Let a decree be prepared in consonance with these views.