# New York, Chicago & St. Louis Railroad Company et al. *v.* Rhodes et al.

[No. 20,994.   Filed January 7, 1909.]

1. EVIDENCE.—*Cost of Constructing Wing-Fences and Cattle-Guards.—Railroads.—Damages.—Highways.—*Evidence of the cost of constructing wing-fences and cattle-guards is inadmissible in a proceeding to establish a highway which crosses a railroad right of way, since both under §5195 Burns 1908, cl. 5, §3903 R. S. 1881, providing that railroad companies shall restore a crossed highway so as not to impair its usefulness, and under laws enacted under the police power, such companies are required to maintain proper highway crossings at their expense.   p. 523.

2. RAILROADS.—*Highway Crossings.—Duty to Keep Safe.—*Under §5195 Burns 1908, §3903 R. S. 1881, it is the duty of railroad companies to keep all of their highway crossings safe, and this duty exists whether the highways were established prior or subsequently to the construction of the railroad.   p. 524.

3. SAME.—*Rights of Way.—Burdens.—*Railroad companies acquire their rights of way subject to the public right of establishing highways crossing same, and subject to the continuing duty of keeping highway crossings·safe.   p. 524.

4. SAME.—*Damages.—Highways.—*Railroad companies are not entitled to damages, in locating highways across their rights of way, for any interruption, inconvenience, increased expenses therefrom, or increased risks thereby.   p. 525.

5. CONSTITUTIONAL LAW.—*Railroads.—Rights of Way.—Conditions.—*The legislature has the constitutional right to require railroad companies acquiring rights of way, to receive them under the condition of keeping safe their highway crossings.   p. 525.

6. SAME.—*Police Power.—Railroad Crossings.—*The legislature has the constitutional right, under the police power, to regulate highway crossings after the railroads are built.   p. 525.

7. RAILROADS.—*Rights of Way.—Highways.—Crossings.—*Where a proposed highway would cross a railroad company's right of way, and the location of such highway would not interfere with the operation of such railroad, the railroad company has no right to complain of the establishment of such highway.   p. 526.

8. SAME.—*Rights of Way.—Highways.—Crossings.—Interference.—Question for Jury.—*Whether a highway crossing the right of way of a railroad company will interfere with the operation of the railroad is a question for the jury.   p. 527.

9. DAMAGES.—*Nominal.*—*Failure to Assess.*—*Appeal.*—The refusal to instruct for nominal damages does not constitute reversible error. p. 527.

10. TRIAL.— *Instructions.*— *Damages.*— *Including Improper Elements.*—Instructions so general and indefinite as to authorize the jury to assess improper elements of damage on behalf of defendant railroad company for the location of a highway across the company's right of way, should be refused. p. 527.

11. SAME.—*Instructions.*—*Railroads.*—*Damages from Location of Highway Across Its Way.*—An instruction that defendant railroad company is entitled to such damages as will compensate it for the value of the real estate taken and the diminution of the value of its property thereby, is incorrect, no land being taken. p. 528.

12. SAME.—*Instructions.*—*Invading Province of Jury.*—*Railroads.* —*Damages.*—An instruction that defendant railroad company is entitled to such damages as will compensate it for the diminution in value of its property because of the location of the highway in question, assumes such diminution as a fact, and invades the province of the jury. p. 528.

From Allen Circuit Court; *E. O'Rourke,* Judge.

Highway proceeding by Elmer E. Rhodes and others, against which the New York, Chicago & St. Louis Railroad Company and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Walter Olds, Charles M. Niezer* and *J. H. Clarke,* for appellants.

*Aiken & Underwood,* for appellees.

MONKS, J.—Appellees filed a petition for the location and opening of a public highway across the right of way of appellant company and the lands of other persons. Viewers were appointed, who reported in favor of the opening of said highway. Appellants filed a remonstrance against the public utility of said highway and for damages. Reviewers were appointed who reported in favor of the public utility of the proposed highway and against appellants' claim for damages. From the judgment of the board of commissioners establishing said highway, appellants appealed to the court below, where the proceeding was tried *de novo,* and a

verdict returned in favor of the establishment of the high-way and against appellants' claim for damages. Over ap-pellants' motion for a new trial judgment was rendered upon the verdict in favor of the appellees.

The only error assigned is the overruling of appellants' motion for a new trial.

It appears from the evidence that appellant company's right of way, at the place where the same is crossed by the proposed highway, is one hundred feet wide, and that the proposed highway is to be forty feet wide. At said place said company has three tracks—a main track and two switch tracks. One of said switch tracks is called a passing track. The passing track is 2,990 feet long, and the switch track 2,770 feet long.

During the progress of the trial appellant company offered to prove by a competent witness, in answer to a question propounded, as an element of damages, the cost

1. of constructing wing-fences and cattle-guards, and of planking the proposed highway across appellant company's tracks, to which appellees objected, which objection was sustained by the court. Said items of expense ex-cluded by the court belong to that class of expenses which a railroad company incurs in complying either with the requirements of §5195 Burns 1908, §3903 R. S. 1881, or of laws passed in the exercise of the police power, and for which, therefore, they are not entitled to recover or to be allowed compensation. *Lake Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36, 40-47, and authorities cited. It follows that the court did not err in excluding said evidence nor in refusing to give instructions which authorized the recovery of such damages.

Appellants complain of instruction three, given to the jury, on the ground that "it is to the effect that appellants are not entitled to just compensation for the land taken for a public highway, and therefore is in violation of §21, article 1, of the Constitution of this State, and the 14th Amendment

to the Constitution of the United States.'' Said instruction reads as follows: ''I instruct you that a railroad acquires its right of way subject to the right of the State to extend public highways and streets across the same and subject to the condition that it must place, keep and maintain all highway crossings, regardless of whether the highway was established before or after the railroad was constructed, and in such condition as not unnecessarily to impair the usefulness of the highway, and in such manner as to afford security for life and property. I therefore instruct you that should you find by a preponderance of the evidence in this case that the proposed highway will necessitate the crossing at right angles of the right of way of the New York, Chicago & St. Louis Railroad Company, and will not interfere with the operation of said railroad, said company cannot recover damages in this case, and your verdict on that issue, so far as said railroad company is concerned, may be for the petitioners.''

Under the statutes of this State, it is the duty of all railroad companies to construct and keep in safe condition all highway crossings; and this duty is the same whether

2. the highway was established before or after the railroad was built. §5195 Burns 1908, cl. 5, §3903 R. S. 1881; *Evansville, etc., R. Co.* v. *State, ex rel.* (1898), 149 Ind. 276, 278, and cases cited; *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 158 Ind. 189 191-193, and authorities cited; *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 237, 240, 241, and authorities cited. It is clear from our statute and the cases cited that a railroad company acquires

3. its right of way subject to the right of the State to extend public highways and streets across the same, and subject to the condition that it must place, keep and maintain all highway crossings, regardless of whether the highway was established before or after the road was built, in such condition as not unnecessarily to impair the usefulness of the highway, and ''so as not to interfere with the free

use" thereof, and "in such a manner as to afford security for life and property," without reference to whether the railroad company owns the right of way in fee, or merely an easement therein. *Chicago, etc., R. Co.* v. *City of Chicago* (1894), 149 Ill. 457, 460, 461, 37 N. E. 78; Elliott, Roads and Sts. (2d ed.), §222, p. 236.

Having accepted the privileges and franchises from the State and acquired its right of way subject to such right under said statute on the part of the State it is not

4.  entitled to any compensation for the interruption and inconvenience, if any, nor for increased expense nor increased risk, if any, nor for the expense and inconvenience of the railroad company in complying with the requirements of said statutes as to highway crossings. *Boston, etc., R. Co.* v. *County Com.* (1887), 79 Me. 386, 10 Atl. 113; *Portland, etc., R. Co.* v. *Inhabitants of Deering* (1885), 78 Me. 61, 2 Atl. 670, 57 Am. Rep. 784, 787; *City of Grafton* v. *St. Paul, etc., R. Co.* (1907), 16 N. Dak. 313, 113 N. W. 598, 601, 602; *Lake Shore, etc., R. Co.* v. *City of Chicago* (1893), 148 Ill. 509, 518-520, 37 N. E. 88; *Lake Erie, etc., R. Co.* v. *Shelley, supra,* and cases cited.

Said subdivision five of §5195, *supra,* does not depend for its validity upon the police power of the State, but is valid because the State has the power to provide the

5.  conditions upon which railroads acquire their rights of way in the State, and such conditions are binding whether the right of way be acquired by deed, condemnation or otherwise. Moreover, the laws requiring railroad companies to construct, maintain and keep in safe

6.  condition all the highway crossings, by erecting and maintaining gates, and providing men to operate them, to plank crossings, construct cattle-guards, employ gatemen or flagmen, etc., are passed in the exercise of the police power, and are constitutional although enacted after the railroad was built. 3 Elliott, Railroads (2d ed.), §1102; *Lake Erie, etc., R. Co.* v. *Shelley, supra,* and cases cited;

*Portland, etc., R. Co.* v. *Inhabitants of Deering, supra; Chicago, etc., R. Co.* v. *City of Chicago* (1892), 140 Ill. 309, 29 N. E. 1109, and cases cited; *Illinois Cent. R. Co.* v. *Willenborg* (1886), 117 Ill. 203, 7 N. E. 698, 57 Am. Rep. 862; *Chicago, etc., R. Co.* v. *Chicago* (1897), 166 U. S. 226, 17 Sup. Ct. 581, 41 L. Ed. 979.

It is evident, as we have already held, that, in proceedings to establish a public highway across a railroad track, the railroad company is not entitled to any damages for 7. the cost and expense of complying with the requirements of §5195, *supra,* or of the laws passed in the exercise of the police power, and that when the highway crosses the right of way at a point where the company has only a main track and two switch tracks no question can justly arise as to the impairment of its franchise by such taking, for under such circumstances both the use as a highway and as a railway can stand together, and do not interfere with each other. *Lake Erie, etc., R. Co.* v. *Shelley, supra,* and cases cited; *New York, etc., R. Co.* v. *Drummond* (1884), 46 N. J. L. 644, 20 Am. and Eng. R. R. Cas. 13, and note page 16; *Morris, etc., R. Co.* v. *City of Orange* (1899), 63 N. J. L. 252, 43 Atl. 730, 47 Atl. 363; *Chicago, etc., R. Co.* v. *City of Chicago* (1892), 140 Ill. 309, 29 N. E. 1109; *Illinois Cent. R. Co.* v. *Willenborg, supra; Illinois Cent. R. Co.* v. *City of Chicago* (1892), 141 Ill. 586, 30 N. E. 1044, 17 L. R. A. 530; *Lake Shore, etc., R. Co.* v. *City of Chicago* (1893), 148 Ill. 509, 37 N. E. 88; *Chicago, etc., R. Co.* v. *City of Chicago* (1894), 149 Ill. 457, 37 N. E. 78; *Chicago, etc., R. Co.* v. *Town of Cicero* (1895), 157 Ill. 48, 41 N. E. 640; *Cleveland* v. *City Council, etc.* (1897), 102 Ga. 233, 29 S. E. 584, 43 L. R. A. 638, and cases cited; *Boston, etc., R. Co.* v. *County Com., supra; Portland, etc., R. Co.* v: *Inhabitants of Deering, supra; Thorpe* v. *Rutland, etc., R. Co.* (1854), 27 Vt. 140, 62 Am. Dec. 625; *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co.* (1876), 30 Ohio St. 604; *Lake Shore, etc., R. Co.* v. *Sharpe* (1882), 38 Ohio

St. 150; *Chicago, etc., R. Co.* v. *Chicago* (1897), 166 U. S. 226, 17 Sup. Ct. 581, 41 L. Ed. 979; *Albany, etc., R. Co.* v. *Brownell* (1862), 24 N. Y. 345, 349-353; *Boston, etc., R. Co.* v. *Village of Greenbush* (1873), 52 N. Y. 510.

Whether the proposed highway would interfere with the operation of appellant company's railroad was a question of fact, and was by said instruction properly submitted to the jury for determination. *Baltimore, etc., R. Co.* v. *Board, etc.* (1900), 156 Ind. 260, 274, 275.

It is evident from what we have said and the authorities cited that under the evidence in this case the court did not err in giving said instruction, unless it was in not saying that said "appellant would only be entitled to nominal damages." *Chicago, etc., R. Co.* v. *Town of Cicero* (1895), 157 Ill. 48, 41 N. E. 640; *Chicago, etc., R. Co.* v. *City of Chicago* (1894), 149 Ill. 457, 460-463, 37 N. E. 78; *Chicago, etc., R. Co.* v. *City of Chicago* (1892), 140 Ill. 309, 314, 29 N. E. 1109; *Lake Shore, etc., R. Co.* v. *City of Chicago·* (1893), 148 Ill. 509, 37 N. E. 88; *Chicago, etc., R. Co.* v. *Chicago* (1897), 166 U. S. 226, 17 Sup. Ct. 581, 41 L. Ed. 979; *City of Grafton* v. *St. Paul, etc., R. Co., supra.* The failure, however, to assess nominal damages affords no ground for a reversal of said judgment on appeal. *Smith* v. *Parker* (1897), 148 Ind. 127, 134, and cases cited; *Coffin* v. *State* (1896), 144 Ind. 578, 582, 55 Am. St. 188, and cases cited; Elliott, App. Proc., §636.

Appellant company complains of the refusal of the court to give instructions five, six, eight and nine requested by it. Instructions eight and nine were properly refused because they were so general and indefinite as to authorize the jury to assess as damages elements and items of expense for which appellant company was not entitled to recover.

Instructions five and six informed the jury that said appellant was entitled to such damages as will compensate

it for the value of the real estate taken and the diminution in value of its property because of the location of such proposed highway across its tracks, the same as any other landowner.

By condemning the land of appellant company, for the purpose of extending said highway across its right of way, it was not sought to obstruct the tracks already laid nor prevent said appellant from laying other tracks along its right of way. The use of the right of way by said company for its tracks was a public use, and the use of the right of way for a highway crossing was also a public use, and each use might be exercised without being an obstruction to the use for that public purpose by the other. The use is a joint use, and a different rule for ascertaining a just compensation must be applied than that which obtains in condemnation of land of other landowners. In the latter case the landowner is absolutely deprived of the use of his land, and the market value of the land taken and the damage, if any, to the remainder of said land not taken, are proper elements to be considered. In the case of extending a highway across the right of way of a railroad, the latter is not deprived of the public use of its right of way. Such use by it may continue after the highway is located and opened, the use for the purposes of a highway being subject to the use of the company for railroad purposes. *Chicago, etc., R. Co.* v. *Town of Cicero, supra;* Elliott, Roads and Sts. (2d ed.), §222, p. 236. It is evident, from what we have said and from the cases cited that said instructions five and six did not correctly instruct the jury as to the measure of damages.

Said instructions five and six are also objectionable because they invade the province of the jury in assuming that the value of appellant railroad company's property would be diminished by the location of the proposed highway across its right of way.

Judgment affirmed.