PERE MARQUETTE RAILROAD CO. v. WEILNAU.

1. DRAIN LAW—WATERS AND WATERCOURSES — EMINENT DOMAIN —COMPENSATION.

Drains may be constructed within the provisions of 2 Comp. Laws, §§ 4327, 4334, across the right of way of a railroad company, upon the award of reasonable compensation for the property taken and for damages sustained, including the cost of necessary bridges, pipes or culverts, to protect the roadbed of the railway.

2. SAME—REMEDY—INJUNCTION.

An injunction will issue to restrain the attempted excavation of a drain, under a railway right of way, by the commissioner; without providing proper supports and protection for the tracks and roadbed of the railroad.

3. Same.

A railroad company, which proceeds to lay drain pipe under its right of way after the commencement of proceedings to construct a drain along a natural watercourse, may be required in equity by the drain commissioner to maintain the drain at its previous size and depth.

Appeal from Monroe; Lockwood, J. Submitted June 9, 1909. (Docket No. 15.) Decided July 15, 1909.

Bill by the Pere Marquette Railroad Company to restrain George A. Weilnau, drain commissioner, from constructing a drain. From a decree for complainant, defendant appeals. Modified and affirmed.

*McPherson, Bills & Streeter*, for complainant.

*Willis Baldwin*, for defendant.

Montgomery, J. Complainant's right of way and track as originally laid out and built through Monroe county crossed a natural watercourse on section 19, in town 8 south, of range 8 east. Complainant's predecessors in title constructed the roadbed with an open culvert where it crossed the natural watercourse. On January 29, 1907, an iron pipe was laid to take the place of the open culvert, and the culvert filled up. On January 10, 1907, the defendant, as drain commissioner, caused a survey to be made for the purpose of laying out and establishing a drain which would cross complainant's right of way at the point of the culvert over the natural watercourse. Complainant had no knowledge of the proceedings to lay out the drain until after the iron pipe had been substituted for the open culvert. The drain as laid out by the defendant was more than two feet deeper than the natural watercourse where it crossed complainant's right of way. Complainant offered to release a right of way, but refused to pay the cost of constructing a new culvert or of putting in iron pipes on the level of the bottom of the drain. Defendant proceeded to condemn a

right of way for the drain across complainant's right of way. The commissioners' award reads as follows:

"To the Pere Marquette Railroad Company, owner of right of way through the east $\frac{1}{2}$ of southwest fr. $\frac{1}{4}$ of section 19, T. 8 S., R. 8 E., from which right of way there is taken a strip of land lying three rods wide on each side of the center line of said drain, except where said drain crosses the track bed of said railroad company, where for a distance of thirty feet a strip of land lying five feet wide on each side of the center line of said drain is taken for excavating and to deposit excavations, according to the survey thereof; for excavating 2–100 acres, and to deposit excavations, 4–100 acres, seventy-five dollars."

On November 8, 1907, defendant tendered complainant $75, and served upon complainant a notice in terms requiring the complainant to construct a culvert in its roadbed for a drain. Complainant refused to accept the $75, and refused to construct the culvert. Thereupon an application was made to the circuit court for the county of Monroe for a mandamus requiring complainant to construct a culvert in compliance with the order which defendant had served upon complainant. Upon hearing, the writ of mandamus was denied. The drain commissioner thereupon claimed the right to proceed to open this drain without making any provision for a culvert or bridge to sustain the complainant's rails and ties, and commenced digging through complainant's right of way at the point where the drain crossed complainant's roadbed, and declared that, unless restrained by an injunction, he would continue to dig the drain through complainant's roadbed, and would leave complainant to protect its track in such way as it might think best. Complainant thereupon filed this bill praying that defendant be permanently restrained from interfering with complainant's roadbed without providing complainant with a suitable and safe bridge or culvert to enable complainant to continue the operation of its road without loss or damage on account of the construction of the drain. Upon

hearing of the case, complainant was granted the relief prayed for, and the defendant appeals to this court.

The drain law (section 9 of chapter 3, being 2 Comp. Laws, § 4327) provides:

" The said jury or special commissioners shall hear the proofs and allegations of the several parties in interest, and shall ascertain and determine the necessity for such drain, and for the taking of such private property for the use and benefit of the public for the purpose thereof, and the just compensation to be made therefore in each case, which compensation shall be determined without reference to any benefits that may accrue to the land in consequence of the construction of such proposed drain."

Section 16 (§ 4334) provides:

" Whenever it is necessary to run a drain across the right of way or roadbed of any railroad, the same proceedings shall be had throughout in all respects as in cases provided in this act for obtaining private lands for the construction of drains, except as hereinafter provided. It shall be the duty of the railroad company, when notified by the county drain commissioner so to do, to make and maintain the necessary opening through said roadbed, and. to build and maintain a suitable culvert. Notice in writing to make such opening, and to construct such culvert, shall be served upon such company by leaving a copy thereof with the ticket or freight agent, or general officer of such railroad company, at least thirty days before such railroad company shall become liable."

This section was before the court for consideration in the case of *Chicago, etc., R. Co.* v. *Chappell*, 124 Mich. 72 (82 N. W. 800). It was there held that this section manifested a legislative intent to require the company to make such improvement without compensation, and it was determined that under the Constitution the legislature had not the power to do this. The defendant contends that, although the legislature under this decision could not impose the burden upon the railroad company to construct its culvert at its own expense, the statute should be construed as imposing upon the company the duty of constructing and maintaining a culvert, and

that the expense thereof is to be considered as a part of the award, and it must be inferred was included in the award.

We do not think this construction is open. The duty which is imposed by section 16 (§ 4334) upon the railroad company is the duty to make and maintain the necessary *opening* through said roadbed and to build and maintain a suitable culvert. The duty of constructing the ditch itself is therefore as imperatively asserted as that of maintaining the culvert. In our view, these two sections, when read together, authorize the construction of a drain across a railway right of way, but, from the very necessity of the case, the construction of such drain must include provision for the track of the railway, and this includes the construction of a culvert or bridge. This should be included in the estimate for the drain, and is a part of the necessary expense of constructing the drain.

In the present case, it is clear that the award did not intend to include the expense of constructing a bridge. In fact, it excludes it. If the concluding clause of the award, namely, "for excavating 2–100 acres, and to deposit excavations, 4–100 acres, seventy-five dollars," is meant to include the award to the company for the service of excavating, this excludes any award for the construction of a culvert. If these words of the award are intended to designate the area of land taken, which is more probable, it likewise excludes the idea that an award for services by the railroad company was intended. It follows that the defendant was in the wrong in attempting to construct this drain without making provision for constructing a culvert and protecting the property of the complainant.

It is suggested in defendant's brief that in any event the complainant should be enjoined from obstructing this watercourse, on the ground that the 30-inch iron pipe was not sufficient to carry the water of the drain even before it was deepened. On the other hand, it is asserted by the complainant that any obstruction of this watercourse can-

not be made the subject of complaint by the county drain commissioner. We do not agree with this view. The drain law (chapter 106, § 2 [2 Comp. Laws, § 4309]) provides:

" The word 'drain' whenever used in this act shall be deemed to include any watercourse or ditch, opened or proposed to be opened and improved for the purpose of drainage, and any artificial ditch or drain, levee, dyke or barrier, or tile drain proposed or constructed for such purpose."

And by section 3 of chapter 2 (section 4312) it is provided:

" The county drain commissioner shall have jurisdiction over all drains within his county. * * *"

We think, therefore, that the drain commissioner has such an interest in this matter as to authorize him to invoke the aid of the court. At the time this iron pipe was put in, it was a drain under process of construction, legal proceedings for the enlargement of the watercourse having already been instituted. The complainant should be required to provide an opening equivalent to that, and of the depth of that, which existed before the construction of this drain. If the defendant, however, finds it necessary to lower the drain beyond the depth which it had before the institution of the proceedings, the complainant will be entitled to have the drain constructed at the expense of the county, and this roadway maintained by a suitable culvert.

No costs will be awarded to either party.

GRANT, OSTRANDER, HOOKER, and MOORE, JJ., concurred.