*In re* WIDENING DAVISON AVENUE.

1. Eminent Domain—Measure of Damages to Railroad Company for Use of Right of Way for Street.

Where city seeks to acquire, by condemnation, right of way for street purposes over railroad company's right of way, damages are not to be measured by market value of that portion of right of way which street will cross, but are to be measured by diminution in value of its exclusive use thereof for railroad purposes, caused by interference therewith, due to its joint use by city as street.

2. Same—Damages—Nominal Damages Only Allowable.

Where, in proceedings to condemn right of way for street purposes over railroad company's right of way, jury awarded damages for installation and upkeep of crossing and for installation and upkeep of flashlight to guard it, award of nominal damages only for damage to land and for diminution in value of its exclusive use was proper, in absence of evidence on which other than nominal damages could be awarded.

On power of municipality to lay out street or highway across railroad property or right of way, see annotation in 24 L. R. A. (N. S.) 1213.

Appeal from the Recorder's Court of the City of Detroit; Jeffries (Edward J.), J. Submitted October 24, 1929. (Docket No. 160, Calendar No. 34,661.) Decided December 3, 1929. Rehearing denied March 7, 1930.

Condemnation proceedings by the city of Detroit to acquire an easement of passage on land from the Detroit Terminal Railroad Company to widen Davison avenue. From a nominal verdict for damage to land, defendant appeals. Affirmed.

*John J. Danhof, Jr.,* and *John W. Langs (Frank E. Robson,* of counsel), for appellant.

*Clarence E. Wilcox,* Corporation Counsel, and *James H. Lee,* Assistant Corporation Counsel, for appellee.

SHARPE, J. In this proceeding the city of Detroit seeks to acquire by condemnation private property for widening Davison avenue from the westerly city limits of Highland Park to the east line of Wyoming avenue. The question here presented is the amount of damages to which the Detroit Terminal Railroad, across the right of way of which the street will pass, is entitled. The jury awarded to the railroad: For damage to land, six cents; for crossing installation and capital account for upkeep thereof, $7,135.87; for flashlight and guarding crossing installation and capital for upkeep, $7,762. The railroad company owns its right of way in fee, having acquired it when it was outside the city limits.

Section 1 of article 13 of our State Constitution reads as follows:

"Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just

compensation therefor being first made or secured in such manner as shall be prescribed by law.''

Under the city charter, when condemnation is sought, it is the duty of the jury to award to the owners of property ''such compensation therefor as it shall deem just'' (title 8, chap. 1, § 8). The city does not acquire ownership, or even an exclusive use, of the defendant's right of way by this proceeding. Its use will be but concurrent with that of the railroad. The latter will still have the right to use the entire width of its right of way for side tracks or switches so long as it does not obstruct its use as a city street. Nor may the city, after acquiring it for that purpose, use it for any other. The claim of the railroad company that ''when the lands of railroads are condemned for public use, they are entitled to the same measure of damages as in the case of private land owners'' cannot be sustained. The exclusive use of the right of way for legitimate railroad purposes only is interfered with. The market value of that portion of the right of way which the street will cross may not properly be taken as the basis of calculation of the compensation to be paid. When the street is opened, the public will have the right to the use of it jointly with the railroad company.

To what, then, is the railroad company entitled as compensation? Its land has not been taken from it as in the case of a private owner. Its exclusive use of it alone is interfered with. Such use has a value, and that value may be, and presumptively is, lessened by such interference. The measure of compensation to which it is entitled may therefore be said to be the diminution in the value of its exclusive use of its right of way for railroad purposes caused by the interference therewith due to its joint use by the city as a street.

A similar question was presented to the supreme court of Illinois in *Chicago, etc., R. Co.* v. *Chicago,* 149 Ill. 457 (37 N. E. 78), and the rule announced as above stated. This decision was reviewed at length by the supreme court of the United States (166 U. S. 226, 17 Sup. Ct. 581), and affirmed. See, also, *Louisville, etc., R. Co.* v. *Louisville,* 131 Ky. 108 (114 S. W. 743, 24 L. R. A. [N. S.] 1213).

Counsel for the railroad company insist that this court is committed to a different rule. In the following cases, to which they call attention, *Matter of Opening of First Street,* 66 Mich. 42; *Commissioners* v. *Railroad Co.,* 90 Mich. 385; *Commissioners* v. *Railroad Co.,* 91 Mich. 291; *Plymouth* v. *Railroad Co.,* 139 Mich. 347, and *In re Opening of Elmhurst Avenue,* 231 Mich. 563, it was held that the compensation should include the necessary outlay in making the crossing safe and providing guards against accidents. As no question is here raised as to the sufficiency of the award for these purposes, we do not consider it. Stress is particularly laid upon the language of Mr. Justice Grant in *Commissioners* v. *Railroad Co.,* 91 Mich. 291. He there said, "There is not one rule for railroad companies and another for private landowners," and it was held that where a warehouse on the railroad company's land is "rendered less available and less valuable for the purposes for which it was constructed and used," it "was a proper element of damage, and should have been submitted to the jury." No such question is here presented.

The record contains no evidence on which an award for other than nominal damages for the diminution of the value of its exclusive use of its right of way could be based. Henry B. Lake, the

railroad company's land and tax agent, when a witness, was asked on cross-examination:

"I ask you to give us the value, if you can, not for something that is not taken, the fee, but the value for the damages to this land, this right-of-way 66 feet by 120 feet, by the imposition upon that fee of an easement for street purposes."

He answered:

"I can't testify to any damages done to the railroad property by reason of the imposition of this easement for street purposes, and no other man can testify to that until time has proven what it would be."

The judgment is affirmed.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.